CHRISTENSEN v. CHRISTENSEN

[107 N.C. App. 431 (1992)]

---

FRANK H. CHRISTENSEN, PLAINTIFF v. CHERYL D. CHRISTENSEN, DEFENDANT

No. 9115DC701

(Filed 15 September 1992)

1. **Divorce and Separation § 135 (NCI4th) — equitable distribution — witness's valuation based on nonexistent circumstance — court's reliance on valuation on remand — no error**

The trial court in an equitable distribution proceeding did not err in relying on a witness's written appraisals when valuing the parties' assets and effectuating distribution, even though the Court of Appeals in an earlier opinion determined that the witness had based his valuation partly on a circumstance not in existence at the time of separation, since the trial court could properly find that the nonexistent circumstance was not

CHRISTENSEN v. CHRISTENSEN

[107 N.C. App. 431 (1992)]

a factor considered by the witness when he compiled his written analysis, and the Court's prior opinion did not unconditionally prohibit the use of the witness's valuations.

**Am Jur 2d, Divorce and Separation §§ 937, 942.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

**2. Divorce and Separation § 135 (NCI4th)— equitable distribution—court's adoption of witness's valuations—no double recovery for plaintiff**

Plaintiff did not receive a double recovery in an equitable distribution proceeding when the trial court adopted the valuations of the parties' assets by a particular witness, since there was no evidence that the witness included the monies in question in his valuation of one of the assets.

**Am Jur 2d, Divorce and Separation § 937.**

**3. Divorce and Separation § 135 (NCI4th)— equitable distribution—appraisals of marital assets—choice of appraisal discretionary with court**

The trial court in an equitable distribution proceeding was not required to utilize appraisals of the parties' assets by one witness over those of another, and it was within the court's discretion to determine which appraisals were reliable.

**Am Jur 2d, Divorce and Separation § 937.**

**4. Divorce and Separation § 135 (NCI4th)— equitable distribution—no reliance on witness's valuation—no error**

There was no merit to defendant's contention that the trial court erred by relying upon a witness's incompetent valuation of marital assets where there was no evidence that the court relied upon the valuation in question.

**Am Jur 2d, Divorce and Separation § 937.**

APPEAL by defendant from judgment entered 6 March 1991 by *Judge Patricia Hunt* in ORANGE County District Court. Heard in the Court of Appeals on 12 May 1992.

Plaintiff and defendant were married on 23 July 1979, separated on 19 July 1985, and divorced on 29 December 1986. In May 1981 the parties established CDC Associates, a limited partnership, with CDC Management Corporation as the general partner. Defendant

was the sole owner of CDC Management. CDC Associates thereby leased certain real estate from Duke University in order to build an athletic club. CDC Associates financed the facility, MetroSport, and as a part of the financial arrangement the parties and defendant's parents personally guaranteed payment on a $1,000,000 loan obtained by CDC Associates.

Defendant's evidence tended to show that her work on behalf of CDC Associates and CDC Management was her primary occupation during construction of MetroSport, and after its completion she acted in a managerial capacity pursuant to the limited partnership agreement between CDC Associates and CDC Management. Under this contract CDC Management was to provide management services for MetroSport in exchange for a management fee of $36,000 per year. Following the parties' separation on 19 July 1985 defendant moved to Roxboro, North Carolina, but continued to perform her duties as general partner and manager of MetroSport on a daily basis. In early 1987 she moved to Pittsburgh, Pennsylvania but returned to Durham one to three times per month in order to fulfill her duties as general partner and to supervise the club's operation and the utilization of partnership assets.

Plaintiff's evidence established, however, that defendant was frequently absent and did not supervise the day to day operations of the facility with any regularity, such that it was necessary to employ additional personnel. Furthermore, although the contract with CDC Management stated the amount of the fee to be paid, it did not set forth any required duties or responsibilities for CDC Management.

The parties stipulated to an equal distribution of their marital property. A judgment of equitable distribution was signed on 28 March 1989 and initially entered in Orange County District Court on 7 April 1989. On 17 April 1989 defendant filed motions for additional findings of fact, a new trial and relief from judgment. These motions were denied.

Defendant appealed the equitable distribution judgment and the order denying her motions. This Court affirmed in part but vacated Finding of Fact 12(g) of the court's order, "and all conclusions of law and portions of the order based upon it," on the ground that it was not supported by competent evidence in the record. *Christensen v. Christensen*, 101 N.C.App. 47, 398 S.E.2d 634 (1990). The case was thereby remanded to the trial court "for a finding

based on competent evidence in the record, for conclusions of law based upon the new finding, and for a new order." Subsequently, the trial court entered a second equitable distribution judgment on 6 March 1991, to which defendant now takes exception.

*Tharrington, Smith & Hargrove, by Carlyn G. Poole, and Boxley, Bolton & Garber, by J. Mac Boxley, for plaintiff appellee.*

*Moore & Van Allen, by Edward L. Embree, III and Kevin M. Capalbo, and Porter, Steel, Humphreys & Porter, by W. Travis Porter, for defendant appellant.*

WALKER, Judge.

Defendant asserts thirteen assignments of error on appeal. Of the arguments brought forward in her brief, defendant contends (1) the trial court's amended Finding of Fact 12(g), including the valuation of CDC Management and CDC Associates, was erroneously based on the written valuation report of Dr. J. Finley Lee; (2) that by adopting the valuations of Dr. Lee plaintiff received a double recovery; (3) the trial court erred by refusing to revalue CDC Management and CDC Associates based upon competent evidence and the testimony of Dr. Carl Beusman and Ray Jennings; and (4) the court erred by relying upon the valuation of CDC Management and CDC Associates by Gordon Christensen.

[1] In Finding of Fact 12(g) of its initial order the trial court relied upon the opinion and written appraisals of Dr. Lee in assigning a value to the parties' marital interest in CDC Management and CDC Associates. This Court concluded, however, that:

> Dr. Lee considered the defendant's out-of-state residency, a fact not in existence at the time of separation, in arriving at the value of CDC Management, a marital asset. A valuation based upon circumstances not in existence at the date of separation is incompetent evidence for establishing the value for CDC Management. The trial court relied upon this incompetent evidence as demonstrated by finding of fact number 12(g).

*Christensen v. Christensen,* 101 N.C.App. at 55, 398 S.E.2d at 639. Therefore, with regard to the Equitable Distribution judgment, our Court held that:

> [W]e vacate this finding of fact [12(g)] and all conclusions of law and portions of the order based upon it and remand this

**CHRISTENSEN v. CHRISTENSEN**

[107 N.C. App. 431 (1992)]

case to the trial court for a finding based on competent evidence in the record, for conclusions of law based upon the new finding, and for a new order. If there is no competent evidence in the record to support a finding of the valuation of CDC Management, the trial court under these circumstances is required to accept additional evidence for this limited purpose.

*Id.* at 55-56, 398 S.E.2d at 639. Defendant now takes exception to Finding of Fact No. 12(g) of the trial court's present order since this finding is premised upon Dr. Lee's written appraisals. She argues that Dr. Lee's valuation of CDC Management and CDC Associates was determined to be incompetent by this Court because it was based upon post-separation events, so that the trial court's reliance on Dr. Lee's written appraisals in revised Finding of Fact 12(g) is erroneous.

While Dr. Lee's testimony did reflect his knowledge that defendant was an absentee manager residing in Pittsburgh, we find no reference in his written report to defendant's residency, thereby permitting the trial court to find that defendant's residency was not a factor considered by Dr. Lee when compiling his written analysis. Instead, Dr. Lee stated in this memorandum that "The office and utility expenses shown are assumed to be discretionary since presumably all management services could be performed on the premises of the limited partnership at no cost to the corporation," suggesting that his analysis assumed that defendant kept an office at the sports club in Durham.

We do not construe the prior opinion of this Court as prohibiting unconditionally the use of Dr. Lee's valuations, but only any incompetent evidence founded upon the mistaken belief that defendant resided in Pittsburgh. Although Finding of Fact 12(g) is substantially similar to the finding which was vacated by this Court, the trial court, in relying upon Dr. Lee's appraisals in its 6 March 1991 order, expressly stated:

> Dr. Lee's written appraisals . . . are themselves sufficient, competent evidence of the valuation of CDC Management Corporation as determined by this court and were based on a date of separation (July 19, 1985) valuation. These appraisals make no mention or consideration of Defendant's residency. The Court has disregarded any testimony offered during the trial concerning Defendant's residency after the date of separation.

The appraisal of CDC Management Corporation includes an assumption that the general partner could have maintained offices at the club and that virtually no services were required from CDC Management Corporation. This assumption was confirmed by the testimony of other witnesses.

Since the trial court disregarded Dr. Lee's testimony concerning defendant's residency, we cannot hold it was erroneous as a matter of law to utilize his written appraisals when valuing the parties' assets and effectuating distribution. "If the record on appeal contains competent evidence which supports the trial court's findings of fact, the trial court is rebuttably presumed to have relied upon it and disregarded any incompetent evidence." *Christensen v. Christensen*, 101 N.C.App. at 55, 398 S.E.2d at 639, *citing Best v. Best*, 81 N.C.App. 337, 344 S.E.2d 363 (1986).

Defendant argues that it is impossible to distinguish Dr. Lee's written valuation report from his testimony since his written valuations and oral testimony yielded identical values for CDC Management and CDC Associates, and the values assigned to CDC Management and CDC Associates under Finding of Fact 12(g) were the same as the values found by the trial court in its initial order. Additionally, defendant submits that Dr. Lee's repeated references to his written report in his oral testimony indicated his testimony was merely a reiteration of his written memorandum and therefore should be deemed incompetent evidence based upon post-separation events.

Although the numerical values assigned to CDC Management and CDC Associates were substantially the same as those in the trial court's initial order, this similarity does not establish as a matter of law that the trial court's second order was based upon the incompetent evidence that defendant resided out-of-state. The trial court stated in Finding of Fact 12(g) of the present order that the appraisal of CDC Management was premised on the "assumption that the general partner could have maintained offices at the club and that virtually no services were required from CDC Management." Defendant has failed to show that the value assigned to CDC Management, as measured by capitalization of net cash flow, would be varied depending upon whether she resided in Pittsburgh, Pennsylvania or Roxboro, North Carolina.

Furthermore, we are not convinced from our review of the record that Dr. Lee's oral testimony evidenced that his written

CHRISTENSEN v. CHRISTENSEN

[107 N.C. App. 431 (1992)]

report was prepared under the mistaken belief that defendant resided out-of-state. His statement that defendant lived 500 miles away was made in response to questions regarding whether defendant was paid an annual management salary of $36,000 per year pursuant to the partnership agreement, and was offered as support for his position that this fee could not appropriately be considered a salary. Dr. Lee's written appraisal asserted that "[t]his expense appears to be more akin to a dividend since it is fixed and is not affected by the quantity or quality of services received from the general partner," and was based upon his interpretation of the partnership agreement and defendant's responsibilities and duties thereunder. He made reference in his testimony to the fact that defendant resided 500 miles away as evidence which merely bolstered his position that this expense was discretionary and should be treated as a dividend. Additionally, the court considered the testimony of Dr. Larry Crane, a limited partner in CDC Associates, and found that defendant "did not give such an amount of time to the operation and supervision of the athletic club to consider the $36,000.00 annual fee as salary." Thus, we conclude that Finding of Fact 12(g) now before us, including the valuation of CDC Management and CDC Associates, is supported by competent evidence in the record and is consequently binding upon us on appeal. *See Johnson v. Johnson*, 78 N.C.App. 787, 338 S.E.2d 567 (1986).

[2] Defendant next contends that since the trial court adopted the valuations of Dr. Lee plaintiff received a double recovery, because defendant's management salary was included in the marital estate twice, directly and indirectly as a capital asset of CDC Management Corporation. Defendant submits that Dr. Lee's conclusion that the payments she received with regard to CDC Management constituted a dividend guaranteed for forty years rather than a salary resulted in the trial court's classification of defendant's post-separation earnings as a marital asset. The court then credited plaintiff's share of the marital estate with one-half of defendant's salary from the date of separation until the summer of 1988, which amounted to $45,000. The court also ordered that, pending sale of the club and the management contract, plaintiff and defendant would each receive fifty percent (50%) per year of the $36,000 management fee effective from the date of the Equitable Distribution trial. Additionally, defendant asserts that the court attributed defendant's post-separation salary as the sole component of the value of CDC Management based on Dr. Lee's testimony, since CDC Management's value

was based on defendant's receipt of $36,000 annually for a six year period spanning from the date of separation until July 1991. Thus, defendant argues that because of its reliance on Dr. Lee's appraisals, the trial court included her management salary both in the marital estate and as part of the CDC Management valuation.

The trial court clearly included the management contract in the marital estate, as was stated in Finding of Fact No. 19:

> The Court finds that Defendant has received to the exclusion of Plaintiff total payments of $90,000.00 in regard to the parties' marital asset in CDC Management Corporation (which has the management contract in regard to MetroSport athletic club) from the date of the parties' separation until the summer of 1988, and that Plaintiff is entitled to a credit of one-half of this marital asset in the amount of $45,000.00. The Court finds that these payments were made pursuant to the parties' contractual right to receive $36,000.00 per year, and which amount did not constitute salary to Defendant.

Thereafter the court ordered that:

> Pending sale of the club and the management contract, the parties will receive the following percentage of their $36,000.00 annual management fee: Plaintiff to receive fifty percent (50%) per year, and Defendant to receive fifty percent (50%) per year effective from the date of the Equitable Distribution Trial.

We cannot conclude that this distribution grants plaintiff a double recovery since we find no evidence that the management fees subsequent to the date of separation were incorporated into Dr. Lee's valuation of CDC Management. Finding of Fact 12(g) states that the net fair market value of CDC Management was determined by Dr. Lee as of the date of the parties' separation. Although the court found this marital asset included the management contract with CDC Associates, there is no evidence that any future payments pursuant to the contract were considered when ascertaining CDC Management's value. Payments under the contract after the date of separation were considered by the court separately and, after determining they did not constitute a salary to defendant, were then included in the marital estate. This assignment of error is thereby overruled.

[3] Defendant next submits that the trial court erred by refusing to revalue CDC Management and CDC Associates based on the

testimony of Dr. Carl Beusman and Ray Jennings. She contends that these two experts offered the only competent evidence as to the value of CDC Management and CDC Associates and should have been relied upon by the trial court on remand, as opposed to its erroneous consideration of Dr. Lee's testimony which had been determined to be incompetent evidence. We disagree.

Both of these witnesses were allowed to testify concerning their respective valuations of CDC Management and CDC Associates. Although the court did not adopt these values it did consider Dr. Beusman's and Mr. Jennings' testimony, as is evidenced in Finding of Fact 12(g). Defendant cites no authority in support of her position that the trial court should have utilized these appraisals and we find no abuse of the court's discretion in its decision to rely upon Dr. Lee's valuations. The trial court, as finder of fact, is in the unique position of hearing the evidence, evaluating its significance, and determining its applicability and relevance to the case. Thus, we decline to disturb the trial court's ruling on appeal.

[4] Additionally, defendant asserts the trial court erred by relying upon Gordon Christensen's valuation of CDC Management and CDC Associates because his appraisal was based on an incorrect assumption as to actual monies received by defendant for her management of MetroSport. Defendant argues that Mr. Christensen's valuation was thereby incompetent evidence. Defendant's contention is without merit as there is no evidence that the court relied upon Mr. Christensen's valuations when ascertaining the fair market value of CDC Management and CDC Associates and entering its order of equitable distribution. The court's sole reference in its order simply notes that Mr. Christensen valued CDC Management at the time of the parties' separation and that his opinion was based on CDC Management's receipt of the guaranteed annual fee of $36,000.00.

The distribution of marital property is within the sound discretion of the trial court. G.S. 50-20(c); *White v. White*, 312 N.C. 770, 324 S.E.2d 829 (1985). In this regard, an order of equitable distribution must be accorded great deference and will be reversed only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision. *Andrews v. Andrews*, 79 N.C.App. 228, 338 S.E.2d 809, *disc. review denied*, 316 N.C. 730, 345 S.E.2d 385 (1986). Having reviewed the record, we find

no abuse of discretion in the trial court's distribution of marital property in the instant case.

Affirmed.

Judges LEWIS and WYNN concur.