ANN MILLER JOHNSON v. ROBERT JOHNSON

No. 8523DC317

(Filed 21 January 1986)

**Divorce and Alimony § 30— equitable distribution of property—depreciation of separate property—chicken houses—insufficiency of evidence of value**

    The trial court could properly consider depreciation in the value of plaintiff's separate property—chicken houses—in dividing the marital property, since the marital estate was increased due to activities which decreased the value of the separate property, but the court's failure to find the value of the chicken houses following the marriage and the amount of money needed to repair them at the time of the parties' separation made it impossible for the court on appeal to determine whether the trial court abused its discretion in giving plaintiff a 15% credit in the division of marital property.

APPEAL by defendant from *Ferree, Judge*. Judgment entered 24 October 1984 in District Court, ASHE County. Heard in the Court of Appeals 5 November 1985.

Plaintiff and defendant were married on 11 January 1974 and separated on 2 January 1983. On 3 January 1984 the plaintiff filed for divorce. Defendant counterclaimed seeking equitable distribution. On 24 October 1984 the court entered an order in which it made the following pertinent findings of fact and conclusions of law:

    7. As of 11 January 1974 the residence of the parties was a small weatherboard house, sheet rocked, consisting of two bedrooms, a living room, a kitchen and a bathroom. The house was in ill repair, there being evidence of damage by termites to the floor, a portion of the walls and some floor joist. In 1976 the parties had the house remodeled and an addition consisting of some fourteen hundred (1400) feet added thereto. The total expenditure for labor, either paid or contributed, and material for the renovation and addition amounted to Thirty Thousand Dollars ($30,000). The fair market value of the premises before the renovation and addition was Twelve Thousand Dollars ($12,000). The fair market value of the premises immediately subsequent to the renovation and addition was Forty Two Thousand Dollars ($42,000).

    . . . .

14. As of 11 January 1974, plaintiff owned depreciable property including chicken houses and equipage in an amount exceeding Forty Nine Thousand Dollars ($49,000). Defendant's depreciable property exceeded Six Thousand Dollars ($6,000). Some Seven Thousand Dollars ($7,000) of plaintiff's property as listed was paid for by the parties after marriage. A considerable portion of the parties' net income was derived from the production and sale of poultry. Monies obtained through the labor of both parties went into the accumulation of their marital assets as well as constituting a direct contribution to the enhancement in value of the separate property of the plaintiff.

15. Plaintiff's chicken houses and equipment were relatively new as of 11 January 1974; at the time of the separation of the parties the houses and equipment had deteriorated because of normal wear and tear, as well as benign neglect, to such an extent that massive repairs were necessary for continued use.

16. The disparity in value of property originally held by plaintiff and defendant to be used in the operation of their farm and the depreciation of plaintiff's chicken houses necessitates a credit of fifteen (15) percent to be given to plaintiff in the division of marital property and in the calculation of any direct contribution by defendant to an increase in value of plaintiff's separate property during coverture.

. . . .

1. The parties are entitled to a division of the marital assets of the parties and the defendant is entitled to a reimbursement of the increase in the value of plaintiff's separate property directly contributed to by the defendant during the course of the marriage. The division of marital assets and reimbursement shall be on a 65-35 ratio in order that equity between the parties be had.

From this judgment, defendant appealed.

*Vannoy & Reeves, by Jimmy D. Reeves,* for defendant appellant.

*No brief for the plaintiff appellee.*

ARNOLD, Judge.

The defendant first contends the "court erred in finding that 'the fair market value of the premises immediately subsequent to the renovation was Forty-Two Thousand Dollars ($42,000)' because this finding was not supported by evidence in the record." There is evidence in the record that the residence in question was worth twelve thousand dollars ($12,000) prior to its renovation, and there is evidence in the record that approximately thirty thousand dollars ($30,000) were expended during the course of the renovations. Thus, we find evidence in the record to support the court's valuation of the premises in question.

The next question presented for review is whether the court erred by making an unequal division of the marital property because "[t]he disparity in value of property originally held by plaintiff and defendant to be used in the operation of their farm and the depreciation of plaintiff's chicken houses necessitates a credit of fifteen (15) percent to be given to plaintiff in the division of marital property and in calculation of any direct contribution by defendant to an increase in value of plaintiff's separate property during coverture." Defendant argues that the evidence in the record does not support the court's conclusion that an equal division is not equitable.

The first issue presented by this question is whether the court could properly consider the depreciation in the value of plaintiff's separate property when dividing the marital property. G.S. 50-20(c) provides that "[t]here shall be an equal division . . . of marital property unless the court determines that an equal division is not equitable." When a court determines that an equal division is not equitable the statute lists numerous factors that shall be considered in making the division of property. Among the factors to be considered is a catchall provision which provides that the court shall consider "[a]ny other factor which [it] finds to be just and proper." G.S. 50-20(c)(12).

In *Smith v. Smith*, 314 N.C. 80, 87, 331 S.E. 2d 682, 687 (1985), our Supreme Court held that the only factors which may properly be considered under the catchall provision of G.S. 50-20(c)(12) are those factors "which are relevant to the marital economy." Marital economy relates to "the source, availability and use by the wife and husband of economic resources during the course of the

marriage." *Smith* at 86, 331 S.E. 2d at 686. When the wife's separate property was used to create income from which the parties lived during the marriage this enabled them to accumulate more marital property. Because the marital estate was increased due to activities which decreased the value of the separate property, this decrease in separate property through depreciation relates to the economy of the marriage. Thus, the court properly considered this depreciation under G.S. 50-20(c)(12).

Having determined that the court could consider the depreciation in dividing the property, we must now decide whether the court properly divided the property. "In any order for the distribution of property made pursuant to this section, the court shall make written findings that support the determination that the marital property has been equitably divided." G.S. 50-20(j). Once the court has made adequate findings, these findings are binding upon the appellate court if they are supported by competent evidence in the record. *See Alexander v. Alexander*, 68 N.C. App. 548, 315 S.E. 2d 772 (1984). If the trial court has made adequate findings, which are supported by competent evidence, the court's decision regarding how to divide the property will not be disturbed absent a "clear abuse of discretion." A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision. *White v. White*, 312 N.C. 770, 777, 324 S.E. 2d 829, 833 (1985).

The trial court's findings regarding depreciation are inadequate because they fail to show the value of the chicken houses following the marriage, and because they fail to show the amount of money which was needed to repair them. Because of these deficiencies we are unable to determine whether the court abused its discretion in dividing the marital property. The matter is reversed and remanded to the District Court of Ashe County for further findings regarding the issue of depreciation.

Reversed and remanded.

Judges MARTIN and COZORT concur.