ERNIE G. MILAM v. LINDA MILAM

No. 884DC328

(Filed 15 November 1988)

**Divorce and Alimony § 21.9— equitable distribution—military pension—definition of vesting**

The trial court erred in an equitable distribution action by holding that plaintiff's retirement rights had not vested and that plaintiff's military pension was separate property where plaintiff had nineteen years and five months of service at the time of separation and had retired with twenty years' service at the time of judgment. Under 10 U.S.C. § 564(a)(2) (1983), plaintiff was guaranteed the right to continue in active duty for the remaining time necessary to complete twenty years of service; under the definition of vesting in *In re Marriage of Grubb*, 745 P. 2d 661, adopted by the Court of Appeals, vesting occurs when an employee has completed the minimum terms of

employment necessary to be entitled to receive retirement pay at some point in the future.

APPEAL by defendant from *Kimble, Wayne G., Jr., Judge.* Judgment entered 23 December 1987 in ONSLOW County District Court. Heard in the Court of Appeals 25 October 1988.

Defendant appeals from a judgment of equitable distribution classifying as separate property the plaintiff's military retirement income from his pension plan. Plaintiff and defendant were married on 2 November 1968 and were separated on 1 December 1985. At the date of separation plaintiff had nineteen years and five months of creditable military service with the United States Marine Corps. After twenty years' service, he retired on 1 August 1986 at the rank of CWO2, and at the time of the judgment he received $1,022.00 per month in military retirement pay. The trial court held that his military retirement rights had not vested at the time of separation for the purposes of equitable distribution.

From a judgment of equitable distribution declaring the plaintiff's retirement income to be his separate property, defendant appeals.

*Cameron and Coleman, by W. M. Cameron, III, for plaintiff-appellee.*

*Lana S. Warlick for defendant-appellant.*

WELLS, Judge.

Defendant assigns error to the trial court's classification of plaintiff's military pension as separate property based upon its finding that it had not vested as of the date of separation. Marital property includes "all vested pension, retirement, and other deferred compensation rights, including military pensions eligible under the federal Uniformed Services Former Spouses' Protection Act." N.C. Gen. Stat. § 50-20(b)(1) (1987). While our equitable distribution statute specifically refers to "vested" pension and retirement rights, the statute does not define the term "vested" and apparently no decision of the North Carolina courts has defined the term "vested" in the context of equitable distribution. We adopt the definition followed by the Colorado courts: " '[v]est-

ing' occurs when an employee has completed the minimum terms of employment necessary to be entitled to receive retirement pay at some point in the future. . . ." *In re Marriage of Grubb*, 745 P. 2d 661 (Colo. 1987).

We are aware that in *Seifert v. Seifert*, 82 N.C. App. 329, 346 S.E. 2d 504 (1986), *affirmed*, 319 N.C. 367, 354 S.E. 2d 506 (1987), this Court, citing 10 U.S.C. § 3911 (1959), stated that vesting of a commissioned officer's military pension does not occur until the officer has served for twenty years. There are two aspects of *Seifert*, however, that are of critical significance in the context of the case now before us. First, vesting was not at issue in *Seifert*, only evaluation of a pension assumed to be vested. Second, the provisions of 10 U.S.C. § 3911 (1959), which authorize the retirement of a commissioned officer, upon his request, after twenty years of service, must, under the facts of this case, be construed together with the provisions of 10 U.S.C. § 564(a)(2) (1983).

Although the Secretary of the Army is authorized to retire commissioned officers upon their request after twenty years of service, in evaluating defendant's argument we must nevertheless consider whether the plaintiff was so assured of eventually receiving his military pension at the time the parties separated as to necessitate classifying it as vested for purposes of equitable distribution. 10 U.S.C. § 564(a)(2) (1983) provides:

(a) Unless retired or separated under some other provision of law, a permanent regular warrant officer who has twice failed of selection for promotion to the next higher permanent regular warrant officer grade shall—

. . .

(2) if he has at least 18 but not more than 20 years of such active service on (A) the date when the Secretary concerned approves the report of the board under section 560(g) of this title, (B) the date when his name was removed from the recommended list under section 562(a) of this title, or (C) the date prescribed by the Secretary concerned under section 557(b) of this title, whichever applies, be retired 60 days after the date upon which he completes 20 years of active service, except as provided by section 8301 of title 5, with retired

Milam v. Milam

pay computed under section 1401 of this title, unless he is selected for promotion to the next higher permanent regular grade before that date . . . .

This statute guarantees permanent regular warrant officers with at least eighteen years of service, who are twice passed over for promotion, the right to remain in service for up to two additional years until they qualify for retirement.

At the time of the parties' separation plaintiff was guaranteed, against the possibility of dismissal after twice being passed over for promotion, the right to continue in active duty for the remaining time necessary to complete twenty years of service. 10 U.S.C. § 564(a)(2) (1983). He served through the protected period and retired before the judgment of equitable distribution. Under the *In re Marriage of Grubb* rule we have adopted, the guarantee of additional time for plaintiff to complete his twenty-year period results in his military pension being vested for purposes of equitable distribution, at the time the parties separated.

Because the trial court's erroneous classification of plaintiff's military pension as separate property affected the subsequent distribution, we must remand the case for a new order of equitable distribution in which the trial court must consider this factor in making its award.

Reversed and remanded.

Judges ARNOLD and COZORT concur.