MAE DELL GEORGE, Plaintiff/Appellee v. JAMES C. GEORGE, Defendant/Appellant

No. 9312DC1035

(Filed 21 June 1994)

## Divorce and Separation § 129 (NCI4th)— equitable distribution—military retirement benefits—vesting

The trial court erred in an equitable distribution action by finding that defendant's retirement pension was vested as of the date the parties separated where defendant was not guaranteed the right to receive retirement benefits at the time the parties separated because he had served only seventeen years in the military. The retirement benefits of an enlisted member of the United States Army vest after twenty years of service. The defendant here was not guaranteed the right to remain in service until he qualified for retirement, unlike the plaintiff in *Milam v. Milam*, 92 N.C. App. 105.

**Am Jur 2d, Divorce and Separation § 909.**

Appeal by defendant from judgment entered 11 August 1993, *nunc pro tunc* 6 July 1993 by Judge A. Elizabeth Keever in Cumberland County District Court. Heard in the Court of Appeals 25 May 1994.

*No brief filed by plaintiff-appellee.*

*Larry J. McGlothlin for defendant-appellant.*

JOHNSON, Judge.

The facts of this appeal are as follows: Plaintiff, Mae Dell George and defendant, James C. George, married on 28 December 1966 and separated on 4 August 1983. On 1 February 1984, plaintiff filed an action seeking alimony, alimony pendente lite, custody and support for the parties' minor children. Defendant counterclaimed, seeking a divorce from bed and board.

On 8 July 1985 plaintiff and her counsel stipulated with defendant to an order resolving all issues of custody and support, visitation, and equitable distribution. Additionally, the order provided that the equitable distribution of defendant's retirement pension and benefits would not be determined until the benefits vested or defendant retired from the military.

On 18 December 1992, plaintiff filed a motion asserting a claim for relief for equitable distribution, claiming a portion of defendant's military pension pursuant to the earlier order of equitable distribution and North Carolina General Statutes § 50-20(b)(1) (1987).

After a hearing on 6 July 1993, in Cumberland County District Court, before Judge Keever, plaintiff was awarded thirty-one percent of defendant's military pension. From this order, defendant appealed to our Court.

Defendant assigns error to the trial court's classification of defendant's military pension as marital property based upon the trial court's finding that defendant's military pension was vested as of the date the parties separated.

North Carolina General Statutes § 50-20(b)(1) provides that marital property includes "all vested pension, retirement, and other deferred compensation rights, including military pensions eligible under the Federal Uniformed Services Former Spouses' Protection Act." While our equitable distribution statute specifically refers to "vested" pension and retirement rights, the statute does not define

GEORGE v. GEORGE

[115 N.C. App. 387 (1994)]

the term "vested." Our Court, however, in *Milam v. Milam*, 92 N.C. App. 105, 373 S.E.2d 459 (1988), *disc. review denied*, 324 N.C. 247, 377 S.E.2d 755 (1989) adopted the definition of "vested" followed by Colorado courts: " '[v]esting' occurs when an employee has completed the minimum terms of employment necessary to be entitled to receive retirement pay at some point in the future. . . ."

"The military retirement system is noncontributory, funded by annual appropriations from Congress and administered by the Department of Defense." *Seifert v. Seifert*, 82 N.C. App. 329, 333, 346 S.E.2d 504, 506, *aff'd*, 319 N.C. 367, 354 S.E.2d 506 (1987). The vesting of military retirement benefits does not occur until a member has been in the military for a minimum prescribed period. *Id.* Under 10 U.S.C. § 3914 (1983), an enlisted member of the United States Army's right to retirement benefits vests when he/she has completed twenty years of service.

At the time the parties separated, defendant, an enlisted man, was not guaranteed the right to receive retirement benefits because defendant had served only seventeen years in the military. Defendant, prior to completing twenty years of service, could have lost his retirement benefits either because of voluntary activity (i.e. misconduct) or involuntary termination (i.e. failure to meet weight requirements). Therefore, we find that defendant did not have a vested right to retirement benefits at the time the parties separated.

It appears that the trial court relied on *Milam* in determining that defendant's retirement benefits were vested at the time the parties separated. However, the facts of the case *sub judice* and *Milam* are substantially different. In *Milam* our Court found that the plaintiff was assured of eventually receiving his military pension at the time he and his wife separated; this necessitated classifying the pension as vested for the purpose of equitable distribution. The plaintiff in *Milam* was guaranteed the right to his retirement benefits pursuant to 10 U.S.C. § 564(a)(2) (1983) which guarantees permanent regular warrant officers with at least eighteen years active service, who are twice passed over for promotion, the right to remain in service for up to two additional years until they qualify for retirement. In the case *sub judice*, defendant, as an enlisted man, was not entitled to such a guarantee.

Therefore, we find that the trial court erred in finding that defendant's retirement pension was vested as of the date the parties

separated. Accordingly, we remand the case for a new order of equitable distribution.

Reversed and remanded.

Judges ORR and WYNN concur.