WALTROUT ATKINSON, Plaintiff v. TONY R. CHANDLER, Defendant

No. COA97-1215

(Filed 18 August 1998)

**1. Divorce— equitable distribution—military pension**

The trial court did not violate the holding in *George v. George*, 115 NC App. 387, when it ordered an unequal distribution of the parties' marital property; in stating that it had considered "a portion of the pension that was earned during the marriage," the court was referring to that portion of the wife's pension it had previously classified as vested, marital property rather than to the husband's military pension. Even assuming that the reference was to the husband's military pension, George precludes a court

from classifying a party's military pension as vested marital property where the party possessing the interest is not guaranteed receipt of his benefits at the time of the parties' separation; it does not prevent a court from considering a party's non-vested pension as a distributive factor in its equitable distribution determination after having already classified that interest as separate property.

## 2. Divorce— equitable distribution—distributive factors— findings

The trial court's findings in an equitable distribution action sufficiently set forth the statutory factors the court considered in its decision not to equally divide the parties' property. While finding #17 did not detail the specific evidence the court considered regarding the parties' income, health and liabilities, a specific recitation was not necessary because the finding, read in conjunction with other findings, adequately apprised the Court of Appeals of the evidence ultimately considered by the court.

## 3. Divorce— equitable distribution—unequal distribution— evidence sufficient

The trial court did not abuse its discretion in an equitable distribution action by concluding that the balance of evidence favored an unequal distribution of the parties' marital property where the evidence showed that, at the time of the parties' separation, the wife did not have the current ability to earn an income, but the husband worked part-time and received $800 per month in military retirement and disability benefits; the wife paid off the debt on the parties' Buick, as well as the balance of the mortgage on the home the parties' resided in during the marriage; the husband lived with his mother rent free and had limited expenses and outlays each month; and the wife left the marriage with separate property totaling $54,589.49, while defendant left with a military pension valued at $153,236 as his separate property.

Appeal by defendant from order entered 16 July 1997 by Judge A. Elizabeth Keever in Cumberland County District Court. Heard in the Court of Appeals 21 May 1998.

*Robin Weaver Hurmence, for plaintiff-appellee.*

*Beaver, Holt, Richardson, Sternlicht, Burge & Glazier, P.A., by Harold Lee Boughman, Jr., for defendant-appellant.*

ATKINSON v. CHANDLER

[130 N.C. App. 561 (1998)]

WYNN, Judge.

Under N.C. Gen. Stat. § 50-20(c), an "equal division of marital property is mandatory unless the trial court determines that an equal division would be inequitable." *Armstrong v. Armstrong*, 322 N.C. 396, 404, 368 S.E.2d 595, 599 (1988). In this case, the trial court, having considered evidence regarding the age, health, retirement status and income of the parties, determined that an unequal division of the parties' marital assets was appropriate. Because the trial court properly considered the distributive factors set forth in N.C.G.S. § 50-20(c), made sufficient findings of fact on those factors which were contested and properly found that those findings were supported by the evidence in the record, we affirm the trial court's order.

The evidence before the trial court tended to show that the parties to this action married on 22 January 1989, separated on 26 January 1995 and divorced on 17 October 1995. During their marriage, the husband, now fifty-one (51) years of age, served in the United States Navy. After their divorce, the husband retired from the U.S. Navy at the rank of E-5, having completed twenty years and one month of service. The husband now receives military pension payments in the amount of $614.00 a month—the total value of his military pension being valued at $153,236.00. He also receives military disability payments in the amount of $179.00 per month for a service-related injury.

Other evidence at the equitable distribution hearing tended to show that the wife, then 57 years old, worked as a civilian at a military installation and retired from that job on 31 August 1995 with twenty-four (24) years of service. She receives pension payments in the amount of $777.17 a month. Because she retired during the parties' marriage, the trial court found her separate pension interest to be $33,187.00 and the marital interest portion of her pension to be $11,540.00.

The evidence also showed that during the parties' marriage, the parties resided at a house that had been awarded to the wife from a prior divorce and that at the time of the parties separation, the house, which had a tax value of $54,000, had been paid off. After the parties' divorce, the wife continued to reside in that house while the husband moved to live with his mother in Tennessee.

Other evidence tended to show that both parties suffered from medical problems. The wife, for example, testified that she suffered

from high blood pressure, allergies from cigarette smoking and foot problems. She further testified that as a consequence of these health problems, she was not able to earn a steady income other than the money she earned by working weekend and holiday jobs. The husband testified that he was not in good health, but that he was still able to work part-time for a security firm where he grossed approximately $504.00 per month.

Finally, the wife testified that during the marriage, she purchased a 1993 Buick LaSabre valued at $11,725.00 and that she paid off the note on the car by June of 1995.

Upon presentation of all the evidence and oral arguments, the trial court concluded that under N.C.G.S. § 50-20(c), the wife was entitled to an unequal distribution of the marital assets. From that order, the husband brings this appeal.

---

On appeal, the husband contends that the trial court's order awarding an unequal division of the parties' marital property should be reversed because: (1) the trial court "erroneously attempt[ed] to avoid the effects of this Court's decision in *George v. George*, 115 N.C. App. 387, 444 S.E.2d 449 (1994)" in ordering the unequal division; (2) the order fails to set forth adequate findings of fact as to contested distributive factors; and (3) there is insufficient evidence in the record to support a finding in favor of equitable distribution. We address each of the husband's arguments in turn.

I.

**[1]** The husband first argues that in ordering an unequal distribution of the parties' marital property, the trial court "blatantly violated this Court's decision in *George v. George*." We disagree.

The issue in *George* was whether a defendant-husband's military pension "vested" as of the date of his separation from his wife. The trial court in *George*, relying on *Milam v. Milam*, 92 N.C. App. 105, 373 S.E.2d 459 (1988), *disc. review denied*, 324 N.C. 247, 377 S.E.2d 755 (1989), determined that the husband's military pension vested during the marriage and therefore classified it as marital property. However on appeal to this Court, we distinguished *Milam*, noting that because the husband in *George* could have lost his retirement benefits prior to completing twenty years of service in the military, he—unlike the husband in *Milam*—was not guaranteed the right to receive his retirement benefits at the time of the parties' separation. *George*, 115 N.C. App. at 389, 444 S.E.2d at 450. Accordingly, we held

that the trial court in *George* erred by classifying the military pension as marital property as it indeed had not "vested" as of the date of the parties' separation. *Id.* at 389-90, 444 S.E.2d at 450.

The husband in the subject case points out that in its equitable distribution determination, the trial court, under finding of fact #17, considered "a portion of the pension that was earned during the marriage." Thus, the husband contends that the trial court disregarded *George* by classifying his non-vested pension as marital property. This argument is without merit.

To begin, contrary to the husband's assertion, the trial court in this case did not classify any of his military pension as marital property. Rather, as noted in finding of fact #8, the trial court specifically concluded that "the Parties had approximately 6 (six) years of marriage and overlapping military service, but [that] pursuant to <u>George v. George</u>, the Defendant's military pension was not vested until after the Parties separated . . . ." Accordingly, the trial court found that the entirety of the husband's military pension was his "separate property." In addition, regarding the classification of the wife's pension, the trial court also found that $11,540.00 of her retirement benefits was a "marital interest" as it had vested during the parties' marriage. Taking these findings in the context of finding of fact #17, we are not convinced that the trial court, in stating that it had considered "a portion of the pension that was earned during the marriage," was referring to the husband's military pension; instead, we believe the court was referring to that portion of *the wife's* pension it had previously classified as vested marital property.

Moreover, assuming *arguendo* that the trial court did intend to refer to that portion of the husband's military pension earned during the parties' marriage, nothing in our holding in *George* precludes the court from considering a non-vested interest when deciding whether to equitably divide the parties' marital assets. Our holding in *George* precludes a court from *classifying* a party's military pension as vested marital property where the party possessing the interest is not guaranteed receipt of his benefits at the time of the parties' separation; it does not prevent a court from considering a party's non-vested pension as a distributive factor in its equitable distribution determination after having already classified that interest as separate property. Indeed, to have held as such would have been in complete contravention of N.C. Gen. Stat. § 50-20(c), which specifically enumerates as an equitable distribution factor "[t]he expectation of

non-vested pension, retirement, or other deferred compensation rights, which is separate property . . . ."

We, therefore, hold that the trial court in this case did not violate our holding in *George v. George, supra,* when it ordered an unequal distribution of the parties' marital property. Accordingly, the husband's first argument for reversal of the trial court's order is rejected.

II.

**[2]** In his second argument, the husband contends that "the trial court failed to find sufficient facts on contested distributive factors . . . ." Specifically, he argues that the trial court did not make ample findings as to the parties' respective incomes, liabilities and health. We disagree.

When evidence is presented from which a reasonable finder of fact could determine that an unequal division would be inequitable, a trial court is required to consider the factors set forth in N.C.G.S. § 50-20(c). *Armstrong,* 322 N.C. at 404, 368 S.E.2d at 599. "Although the trial court [is] not required to recite in detail the evidence considered in determining what division of the property would be equitable," ultimately, it is required to make findings sufficient to address the statutory factors and to support the division ordered. *Id.* at 405, 368 S.E.2d at 600. In general, the purpose for such a requirement is to permit the appellate court on review to determine from the record whether the judgment, and the legal conclusions which underlie it, represent an accurate application of the law. *Id.* (citations omitted).

In this case, the trial court made the following findings of fact pertinent to the division of the parties' property:

6. At the time the Parties were married, the Defendant was employed by the United States Navy and retired on December 1, 1995 with twenty (20) years and one month of service and retired at the rank of an E5.

7. The Defendant receives military retirement and disability retirement of approximately $800.00 (eight hundred dollars) per month.

8. The Parties had approximately six (6) years of marriage and overlapping military service but pursuant to George v George the Defendant's military pension was not vested until after the parties separated, therefore, this is the Defendant's separate property.

9. At the time the Parties were married, the Plaintiff was employed as a civilian at AAFES and was residing in a home located at 1314 Folger Avenue, Fayetteville, NC which had been awarded to her pursuant to a previous separation and divorce.

10. During the course of the marriage, the mortgage was retired by payment of $5,028.53.

11. The Plaintiff is retired from AAFES and the marital interest of her pension is $11,540.00 and this amount is vested because it was accumulated during the marriage.

12. During the course of the marriage, the Parties acquired First Union Accounts, accounts at UCB, IRAs and the Plaintiff had a prior IRA of $1,570.00 prior to the marriage of the Parties and the Plaintiff's non-marital interest in her retirement is $33,000.00.

13. Prior to the marriage the Defendant had acquired a Buick Century in October, 1988 and payments were made during the marriage; this automobile had been previously wrecked and had a reduced value and high mileage on the date of separation and has a value of $3,742.00.

14. The Parties acquired a 1993 Buick during the marriage with a value of $11,725.00 including a debt of $2,383.

15. The Plaintiff has separate property totaling $54,589.49 which includes a UCB IRA account, the house located at 1314 Folger Street, Fayetteville, North Carolina and her AAFES retirement of approximately $33,000.00.

16. The Defendant has as his separate property his entire military retirement valued at $153.236.00.

17. Pursuant to all the factors set forth in N.C.G.S. § 50-20(c) the Court has considered the age, the health of the Parties, the current retirement status, the part-time income of the Defendant, separate property and a portion of the pension that was earned during the marriage and has determined that an unequal division in favor of the Plaintiff is appropriate and there should be no distributive award in this matter.

We find that these findings of fact sufficiently set forth those statutory factors the court considered in its decision not to equally divide the parties' property. While finding of fact #17 does not detail the specific evidence the court considered regarding the parties'

income, health and liabilities, we do not believe such a specific recitation was necessary in this case since the court's finding, when read in conjunction with the other findings in its order, adequately apprises us of the evidence ultimately considered by the court. Accordingly, we hold that the trial court made adequate findings of fact as to the evidence presented by both parties and that it did so in accordance with N.C.G.S. § 50-20(c).

### III.

**[3]** Having concluded that the trial court's findings of fact are on their face sufficient to support its equitable distribution order, we now turn to the husband's argument that the trial court's order should be reversed because there was insufficient evidence in the record to support the decision to unequally distribute the parties' marital assets.

In *White v. White, supra,* our Supreme Court held that because N.C.G.S. § 50-20 evidenced such a strong public policy in this State in favor of an equal distribution of marital assets, it was mandatory that a trial court equally divide such property unless, as we have already noted, the court determined that an equal division was not equitable. 312 N.C. at 776, 324 S.E.2d at 832-33. The Court went on to note that once the trial court determined that an equitable distribution was indeed warranted, it was incumbent upon it to then, in the exercise of its discretion, assign the weight any given statutory factor should receive. *Id.* at 777, 324 S.E.2d at 832-33. When assessing the statutory factors, however, the Court made it clear that the party desiring the unequal division of marital property bore the burden of showing, by a preponderance of evidence, that an equal division would not be equitable. *Id.* Finally, the court noted, a trial court was to always "make an equitable division of the martial property by balancing the evidence presented by the parties in light of the legislative policy which favors equal division." *Id.*

Applying the principles delineated in *White* to the facts of this case, we are unable to say that the trial court abused its discretion in concluding that the balance of the evidence presented favored an unequal distribution of the parties' marital property. To the contrary, our review of the record reveals that the trial court justifiably decided to equitably divide the parties' property. The evidence showed that at the time of the parties' separation, the wife did not have the current ability to earn an income, but that the husband worked part-time and received $800.00 per month in military retire-

ment and disability benefits; that after the parties' separation, the wife paid off the remainder of the $2,383.00 debt on the parties' 1993 Buick, as well as the balance of the mortgage on the home the parties' resided in during their marriage; that the husband lived with his mother rent free and had limited expenses and outlays to pay each month; and that the wife left the marriage with separate property totaling $54,589.49, while defendant left having as his own separate property, a military pension valued at approximately $153,236.00.

In light of the above evidence, we hold that the wife in this case met her evidentiary burden under *White* and that there was a rational basis for the equitable distribution award ordered by the court. For this reason, as well as those previously discussed, the order below is therefore,

Affirmed.

Judges JOHN and McGEE concur.