DAVID CHARLES GAGNON, Plaintiff v. CECELIA ROTHWELL GAGNON, Defendant

No. COA01-119

(Filed 5 March 2002)

**1. Divorce— equitable distribution—military retirement benefits**

The trial court did not abuse its discretion in an equitable distribution case by awarding defendant wife twenty-six percent of plaintiff husband's military retirement benefits, because: (1) plaintiff's retirement benefits vested approximately five months before the parties separated; and (2) the trial court correctly

determined that plaintiff served in the army for approximately ten years while he was married and compared this length of time to plaintiff's total number of years in the military.

**2. Appeal and Error— preservation of issues—failure to file notice of appeal**

Although defendant wife contends the trial court erred in an equitable distribution case by considering plaintiff husband's postseparation payment of defendant's college expenses as a factor in the equitable distribution calculations, defendant failed to file a notice of appeal concerning this alleged error as required by N.C. R. App. P. 3(a).

Judge TYSON concurring in part and dissenting in part.

Appeal by plaintiff from order entered 24 October 2000 by Judge Karen Alexander in Carteret County District Court. Heard in the Court of Appeals 28 November 2001.

*Andrew A. Lassiter for plaintiff appellant.*

*James Q. Wallace, III, for defendant appellee.*

TIMMONS-GOODSON, Judge.

David Charles Gagnon ("plaintiff") appeals from the equitable distribution order by the trial court granting plaintiff's former wife, Cecelia Rothwell Gagnon ("defendant"), a twenty-six percent share of plaintiff's military retirement benefits. For the reasons stated herein, we affirm the trial court.

The facts pertinent to the instant appeal are as follows: On 18 November 1997, plaintiff filed a complaint in Carteret County District Court seeking a divorce from bed and board and equitable distribution of the marital assets. On 9 May 2000, the trial court entered a consent order distributing a portion of the marital assets. The consent order reserved for further consideration two contested issues between the parties, one of which was the division of plaintiff's military retirement benefits. These outstanding issues subsequently came before the trial court, which made the following relevant factual findings:

11. The parties were married to each other on October 5, 1975.

12. The parties separated from each other on February 1, 1997.

. . . .

15. The Plaintiff testified concerning the dates and activity of his military career. He first enlisted in the United States Army on December 27, 1965 and served nine (9) years, nine (9) months and four (4) days until September 30, 1975 when he was discharged at a rank of Captain.

. . . .

17. On July 19, 1976, the Plaintiff reenlisted in the United States Army at a rank of E-5 (Sergeant) and he served ten (10) years, three (3) months and twelve (12) days until he was discharged on October 31, 1986 at a rank of Sergeant 1st Class.

18. In November of 1986, the Plaintiff began receiving his military retirement money on a monthly basis. This retirement was based on a rank of Sergeant and not as Captain because his earlier enlistment was less than ten (10) years.

19. On September 30, 1996, the Plaintiff received an increase in his retirement pay which was an increase based on the fact that he had twenty (20) years of service plus ten (10) years of retirement. This increased pay raised the Plaintiff's retirement benefit up to a sum equaling a Captain's retirement pay.

Based on the above-stated dates, the trial court further found that "the Defendant was married to the Plaintiff 51.25 percent of the time in which he was in the military service accruing his military retirement pay." The trial court therefore concluded, *inter alia*, that "the Defendant is entitled to a Twenty-Six Percent (26%) share of the Plaintiff's military retirement." The trial court thereafter entered an order awarding defendant a twenty-six percent share of plaintiff's military retirement benefits, from which order plaintiff now appeals.

[1] The sole issue on appeal is whether the trial court erred by awarding defendant a twenty-six percent share of plaintiff's military retirement benefits. For the reasons stated herein, we affirm the trial court.

Plaintiff argues that the trial court improperly awarded defendant a portion of the benefits he earned prior to entering the marriage. Plaintiff asserts that benefits attributable to his first period of military

GAGNON v. GAGNON

[149 N.C. App. 194 (2002)]

service were not built upon a foundation of marital effort by defendant. Thus, plaintiff argues, the 30 September 1996 retirement pay increase to the rank of Captain was a statutory increase due to the passage of years based on a period of time during which plaintiff was not married. Plaintiff acknowledges that these benefits vested during the marriage, but contends that it is unjust to allow defendant to share in this portion of plaintiff's retirement benefits, and that her share should be confined to benefits earned by plaintiff during his second period of active service in which the marriage overlapped.

The division of marital property is a matter within the sound discretion of the trial court. *See Johnson v. Johnson*, 78 N.C. App. 787, 790, 338 S.E.2d 567, 569-70 (1986). Accordingly, a trial court's ruling in an equitable distribution award is entitled to great deference upon appellate review, and will be disturbed only if it is "so arbitrary that [it] could not have been the result of a reasoned decision." *Lawing v. Lawing*, 81 N.C. App. 159, 162, 344 S.E.2d 100, 104 (1986).

Section 50-20 of the General Statutes of North Carolina governs the distribution of marital and divisible property upon divorce. "Marital property includes **all** vested and nonvested pension, retirement, and other deferred compensation rights, and **vested and nonvested military pensions** eligible under the federal Uniformed Services Former Spouses' Protection Act." N.C. Gen. Stat. § 50-20(b)(1) (1999) (emphasis added). A pension "vests" when " 'an employee has completed the minimum terms of employment necessary to be entitled to receive retirement pay at some point in the future.' " *George v. George*, 115 N.C. App. 387, 389, 444 S.E.2d 449, 450 (1994) (quoting *Milam v. Milam*, 92 N.C. App. 105, 107, 373 S.E.2d 459, 460 (1988), *disc. review denied*, 324 N.C. 247, 377 S.E.2d 755 (1989)), *cert. denied*, 342 N.C. 192, 463 S.E.2d 236 (1995). In the case at bar, there is no dispute that plaintiff's retirement benefits vested on 30 September 1996, approximately five months before the parties separated. Moreover, according to section 50-20.1 of the North Carolina General Statutes, an award of retirement benefits is

> determined using the proportion of time the marriage existed (up to the date of separation of the parties), simultaneously with the employment which earned the vested and nonvested pension, retirement, or deferred compensation benefit, to the total amount of time of employment. The award shall be based on the vested and nonvested accrued benefit, as provided by the plan or fund, calculated as of the date of separation, and shall not include con-

tributions, years of service, or compensation which may accrue after the date of separation. The award shall include gains and losses on the prorated portion of the benefit vested at the date of separation.

N.C. Gen. Stat. § 50-20.1 (d) (1999). Such retirement benefits include "vested and nonvested military pensions." N.C. Gen. Stat. § 50-20.1 (h) (1999). The valuation method prescribed by section 50-20.1(d), known as the "fixed percentage method," can be expressed as a fraction, the numerator of which "is the total period of time the marriage existed (up to the date of separation) simultaneously with the employment which earned the vested pension or retirement rights[,]" with the denominator being "the total amount of time the employee spouse is employed in the job which earned the vested pension or retirement rights." *Lewis v. Lewis*, 83 N.C. App. 438, 442-43, 350 S.E.2d 587, 589 (1986); *see also Seifert v. Seifert*, 82 N.C. App. 329, 337, 346 S.E.2d 504, 508 (1986) (approving the fixed percentage method for distribution of military retirement benefits), *affirmed*, 319 N.C. 367, 354 S.E.2d 506 (1987).

Following the statutory provisions, the trial court in the instant case correctly determined that plaintiff served in the Army for approximately ten years while he was married. Comparing this length of time to plaintiff's total number of years in the military (twenty), the trial court valued the percentage of time during the marriage in which plaintiff was accruing military retirement benefits as 51.25 percent. As plaintiff's benefits vested before the date of separation, the trial court did not err in including such benefits in the above-stated calculations. *See Atkinson v. Chandler*, 130 N.C. App. 561, 563-65, 504 S.E.2d 94, 95-97 (1998) (approving the trial court's utilization of the fixed percentage method for equitable distribution of plaintiff-wife's military retirement benefits that vested during the marriage, although the majority of the benefits were earned prior to the parties' marriage). We therefore hold that the trial court properly awarded defendant a twenty-six percent share of plaintiff's retirement benefits.[1]

**[2]** Defendant also argues the trial court erred in considering plaintiff's post-separation payment of defendant's college expenses as a factor in the equitable distribution calculations. Defendant filed no

---

1. We acknowledge that the precisely equal division of 51.25 is 25.625 percent, rather than 26 percent as found by the trial court, but we conclude that it was within the trial court's discretion to mathematically "round up" the uneven figure of 25.625 percent to an even 26 percent.

notice of appeal concerning this alleged error, however, and has therefore failed to comply with Rule 3(a) of the Rules of Appellate Procedure. *See* N.C.R. App. P. 3(a) (2001) (requiring a party to file a notice of appeal with the clerk of the superior court). We therefore do not address defendant's assignment of error.

We hold that the trial court did not err in its equitable distribution award. We therefore affirm the trial court's order awarding defendant twenty-six percent of plaintiff's military retirement benefits.

Affirmed.

Judge HUDSON concurs.

Judge TYSON concurs in part and dissents in part.

TYSON, Judge, concurring in part and dissenting in part.

I concur with the majority's opinion that defendant is entitled to a percentage of plaintiff's entire military pension. The parties were married at the time the pension vested. N.C. Gen. Stat. § 50-20.1(d) (1997) ("The award shall include gains and losses on the prorated portion of benefit vested at the date of separation"). I do not agree with the majority's holding "that the trial court properly awarded defendant a twenty-six percent share of plaintiff's retirement benefits," nor do I concur with footnote 1 in the opinion giving the trial court authority to "round-up" numbers.

The trial court found as fact that plaintiff and defendant were married for 51.25 percent of the time plaintiff served in the military. The trial court's conclusion of law awarding defendant 26% is not supported by its finding of fact that defendant was married to plaintiff for 51.25% of his military service. G.S. § 20(c) requires "an equal distribution . . . unless the court determines an equal distribution is not equitable." N.C. Gen. Stat. § 20(c) (1995); *Smith v. Smith*, 314 N.C. 80, 331 S.E.2d 682 (1995). The trial court must make findings of fact to support an unequal distribution. *Alexander v. Alexander*, 68 N.C. App. 548, 552, 315 S.E.2d 772, 775-76 (1984). The trial court made none.

I would remand to the trial court to amend and conform its order and judgment to its findings of fact. The majority cites no authority under G.S. § 50-20 granting the trial court discretion to round up frac-

tional numbers. Defendant was entitled to a 25.625% distribution, not 26%. I respectfully dissent.