IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-791

Filed 18 June 2025

Iredell County, No. 05CVD001448

JULIA A. HOLLAND, Plaintiff,

v.

JONATHAN R. HOLLAND, Defendant.

Appeal by defendant from judgment entered 18 January 2024 by Judge Bryan A. Corbett in Iredell County District Court. Heard in the Court of Appeals 10 April 2025.

>*Poyner & Spruill, LLP, by Steven B. Epstein, for the plaintiff-appellee.*
>
>*Sullivan & Hilscher Family Law, by Kristopher J. Hilscher, for the plaintiff-appellee.*
>
>*Pope McMillan, P.A., by Clark D. Tew, and Christian Kiechel, for the defendant-appellant.*

TYSON, Judge.

Jonathan R. Holland ("Defendant") appeals from the trial court's denial of his motion to dismiss for lack of subject matter jurisdiction, disposal of his laches defense, and entry of a military pension division order awarding 24.7720% of his military pension and $50,111.73 in back payments to his ex-wife, Julia Holland ("Plaintiff"). We affirm.

## I.    Background

Plaintiff and Defendant were married 31 March 1991 and separated 5 October 2004. Plaintiff and Defendant had two children during the marriage. An absolute divorce judgment was entered 24 September 2007. Plaintiff filed a complaint for child custody, equitable distribution, post-separation support, and alimony on 7 June 2005. She subsequently filed a supplemental pleading for absolute divorce on 24 October 2005. Defendant filed a counterclaim for child custody, child support, and raised the affirmative defense of laches.

The parties entered into a consent judgment on 9 November 2005. Section 4(d) of the parties' judgment stated, "The nonvested military retirement account is reserved for further consideration." The judgment also provided all other issues remain open for further consideration, including alimony, child support, and post-separation support. Plaintiff voluntarily dismissed her claims for alimony, post-separation support, and attorney's fees on 4 January 2006.

The absolute divorce judgment expressly provided and reserved all pending claims between the parties would survive entry of judgment. The parties' youngest child turned eighteen on 26 February 2019 and child support was terminated. Defendant's pension vested upon his retirement from the United States Army and achieving the rank of Lieutenant Colonel (O-5) on 30 June 2021.

Plaintiff filed a motion for entry of the military pension division order on 25 August 2021. She voluntarily dismissed the motion, without prejudice, on 25 February 2022. She re-filed the motion on 20 December 2022. The trial court denied

Defendant's motion to dismiss Plaintiff's motion pursuant to North Carolina Rules of Civil Procedure 12(b)(1) and (6). The trial court ordered division of Defendant's military pension, awarding Plaintiff 24.7720% of the pension and for him to remit $50,111.73 in back payments. Defendant appeals.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2023).

## III. Issues

Defendant argues the district court lacked subject matter jurisdiction to consider Plaintiff's motion for entry of a military pension division order, erred by rejecting his laches defense, and erred by entering a military pension division order.

## IV. Subject Matter Jurisdiction

### A. Standard of Review

This Court "reviews Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction *de novo* and may consider matters outside the pleadings." *Nation Ford Baptist Church Incorporated v. Davis*, 382 N.C. 115, 121, 876 S.E.2d 742, 750 (2022) (citation omitted). On *de novo* review, this Court "considers the matter anew and freely substitutes its own judgment for that of the [trial court]." *In re Appeal of the Greens of Pine Glen Ltd. P'ship,* 356 N.C. 642, 647, 576, S.E.2d 316, 319 (2003).

### B. Analysis

North Carolina Rule of Civil Procedure 41(a)(1) states, in relevant part:

> Subject to the provisions of Rule 23(c) and of any statute of this State, *an action or any claim therein* may be dismissed

> by the plaintiff without order of court [] by filing a notice of dismissal at any time before the plaintiff rests his case[.] Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal[.]

N.C. Gen. Stat. § 1A-1, Rule 41(a) (2023) (emphasis supplied).

"An 'action' is defined as 'a formal complaint within the jurisdiction of a court of law.' A 'claim' is a 'demand for money or property' or a 'cause of action.'" *Bradford v. Bradford,* 279 N.C. App. 109, 114, 864 S.E.2d 783, 788 (2021) (quoting *Massey v. Massey,* 121 N.C. App. 263, 267, 465 S.E.2d 313, 315 (1996) (citation omitted).

A motion is "a written or oral application requesting a court to make a specified ruling or order." *Motion,* Black's Law Dictionary (12th ed. 2024). A claim asserts a party's substantive right to relief, while a motion seeks procedural action in relation to that right. A motion exists to facilitate how and when a claim is addressed. *Id.*

"Generally, trial court judges enjoy broad discretion in the efficient administration of justice and in the application of procedural rules toward that goal." *M.E. v. T.J.*, 380 N.C. 539, 555, 869 S.E.2d 624, 634 (2022). "[R]ather than erecting hurdles to the administration of justice, '[t]he Rules of Civil Procedure [reflect] a policy to resolve controversies on the merits rather than on technicalities of

pleadings.'"   *Id.* at 556, 869 S.E.2d at 635 (citation omitted).   "Equity regards substance, not form," and it "will not allow technicalities of procedure [to] defeat that which is eminently right and just." *Lankford v. Wright*, 347 N.C. 115, 118, 489 S.E.2d 604, 606 (1997) (citation omitted).

Plaintiff initiated this action asserting claims for equitable distribution, child support, child custody, alimony, post-separation support, and attorney's fees on 7 June 2005.  The parties' entered into a consent judgment expressly preserving all claims for future consideration on 9 November 2005.  Plaintiff voluntarily dismissed the latter three claims on 4 January 2006.  The parties' youngest child reached the age of majority in 2017, and child support terminated in 2019.  As of 2021, Plaintiff's sole remaining and pending claim was for equitable distribution.

Plaintiff filed a motion for entry of the military pension division order on 25 August 2021, voluntarily dismissed that motion on 25 February 2022, then refiled it 20 December 2022.  Defendant argues the voluntary dismissal of the motion should be construed as dismissal of Plaintiff's sole pending claim, terminating the civil action and requiring her to commence a new action by filing a summons and complaint. *Bradford,* 279 N.C. App. at 116, 864 S.E.2d at 789.

The record shows Plaintiff intended only to withdraw her motion, not her underlying equitable distribution claim.  She used a pre-printed AOC form specific to voluntary dismissal of actions and claims under Rule 41(a).  Rather than checking the box to dismiss her complaint or a counterclaim, she marked the "other" box and

specified "Motion (See Below)," attaching only her military pension motion. Plaintiff did not reference the greater equitable distribution claim within which the motion was asserted. If she had intended to dismiss the claim in its entirety, she would have identified it explicitly.

This filing error does not cause prejudice to the opposing party. A party cannot unilaterally alter a court-ordered and entered consent judgment by withdrawing a motion. As a result, Plaintiff's equitable distribution claim remained pending despite her voluntary dismissal of the motion, which amounted to a harmless procedural error. She refiled the motion within one year of dismissal, and Defendant has not shown he suffered prejudice from her action.

The civil action remained pending despite dismissal of Plaintiff's procedural motion. The court retained subject matter jurisdiction to resolve the equitable distribution claim. We affirm the trial court's order denying Defendant's motion to dismiss for lack of subject matter jurisdiction. N.C. Gen. Stat. § 1A-1, Rule 41(a) (2023).

## V.  Laches Defense

Defendant argues the district court's Military Pension Division Order is barred under the doctrine of laches. The trial court found Plaintiff did not unreasonably delay filing this suit to foreclose Defendant's laches defense. Defendant challenges this finding and conclusion and argues Plaintiff's fifteen-year delay in seeking to resolve her equitable distribution claim was barred by laches.

## A. Standard of Review

"[W]hen the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). "If supported by competent evidence, the trial court's findings of fact are conclusive on appeal." *Gannett Pac. Corp. v. City of Asheville*, 178 N.C. App. 711, 713, 632 S.E.2d 586, 588 (2006) (quoting *Finch v. Wachovia Bank & Tr. Co.*, 156 N.C. App. 343, 347, 577 S.E.2d 306, 308-09 (2003)). "Conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal." *Gannett,* at 713, 632 S.E.2d at 588 (quoting *Food Town Stores v. City of Salisbury*, 300 N.C. 21, 26, 265 S.E.2d 123, 127 (1980)).

## B. Analysis

Defendant appeals the trial court's denial and dismissal of his laches defense at the hearing. He challenges the court's finding Plaintiff did not act in a manner, which unreasonably delayed this suit.

> A party seeking to invoke the affirmative defense of laches must show: (1) a delay of time resulting in some change in the condition of the property or in the relations of the parties; (2) the delay was unreasonable and worked to the disadvantage, injury, or prejudice of the party seeking to invoke the doctrine of laches; and, (3) the party against whom laches is sought to be invoked knew of the existence of the grounds for the claim sought to be barred.

*U.S. Bank Nat'l Ass'n v. Estate of Wood*, 268 N.C. App. 311, 320, 836, S.E.2d 270, 276 (2019) (citing *MMR Holdings, LLC v. City of Charlotte*, 148 N.C. App. 208, 209–10,

558 S.E.2d 197, 198 (2001)).

The assertion of laches is "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Stratton v. Royal Bank of Canada,* 211 N.C. App. 78, 88-89, 712 S.E.2d 221, 230 (2011) (citation omitted). Laches does not arise from the mere passage of time; it must be demonstrated the delay was unreasonable under the circumstances. *Myers v. Myers*, 213 N.C. App. 171, 179, 714 S.E.2d 194, 200 (2011).

The trial court's 29 March 2023 Order Denying Defendant's Motion to Dismiss included the following finding:

> 17. The Court does not find that Plaintiff acted in a manner which deliberately or unreasonably delayed the matter. Furthermore, the Uniform Services Former Spouse Protection Act contains no deadline for the entry of a Military Pension Division Order. Although [Plaintiff] filed her motion nearly sixteen (16) years after the entry of the divorce judgment, [Defendant's] pension did not vest until he retired on July 1, 2021. Even if the Court had determined the percentage of the pension that Plaintiff would be entitled to in 2007, the actual amount that [Plaintiff] is to receive cannot be determined until now.

Defendant sufficiently challenged this finding and preserved this issue for our review. We review whether competent evidence supports the findings and whether the court's conclusion to deny Defendant's motion to dismiss was proper. *Shear,* 107 N.C. App. at 160, 418 S.E.2d at 845.

Defendant asserted prejudice and testified he would have pursued alternate

employment had he known his pension would be divided. This Court has found prejudice to exist where a defendant entered into real estate contracts and incurred financial obligations while a plaintiff, having knowledge of these facts, delayed filing suit. *Save our Schs. of Bladen County, Inc. v. Bladen County Bd. of Educ.*, 140 N.C. App. 233, 237, 535 S.E.2d 906, 909-10 (2000).

Defendant undertook no such action or change of position. He did not incur legal or financial obligations, nor did he change his position in reliance upon Plaintiff's delay during the period between the time of 2005 consent judgment and Plaintiff's motion for division of the pension. His asserting he may have sought other financially-fulfilling employment is too speculative to support a laches defense.

In *Seifert v. Seifert,* the Supreme Court of North Carolina calculated the percentage of Defendant's pension the plaintiff was entitled to and ordered a deferred award of such benefits "payable when defendant-husband actually begins to receive them." This holding tends to show the trial court's ruling is not unreasonable. *Seifert v. Seifert,* 319 N.C. 367, 372, 354 S.E.2d 506, 510 (1987). "[A]bsent agreement, a court cannot order the immediate or periodic payment of a distributive award of vested pension . . . prior to the employee-spouse's actual receipt thereof." *Id.* at 369, 354 S.E.2d at 508; N.C. Gen. Stat. § 50-20.1(b).

"Under 10 U.S.C. § 3914 (1983), an enlisted member of the United States Army's right to retirement benefits vests when he/she has completed twenty years of service." *George v. George*, 115 N.C. App. 387, 389, 444 S.E.2d 449, 450 (1994); 10

U.S.C. § 3914 (1983). Here, Defendant's military pension vested 30 June 2021. Plaintiff filed her motion to divide the pension on 25 August 2021, less than two months after it vested. Until vesting, Defendant remained at risk of ineligibility. *Id.* As the pension's value and status could not be ascertained before mid-2021, Plaintiff's timing in filing less than two months after the pension vested was reasonable. *Seifert,* 319 N.C. at 372, 354 S.E.2d at 510.

The consent judgment and record shows Defendant was aware of the grounds for the claim he sought to bar. He agreed and had received clear notice the issue of the military pension remained unresolved, because the 2005 Consent Judgment explicitly reserved the matter for further consideration. Plaintiff also filed an equitable distribution status report in 2007 confirming her claim remained pending.

Competent evidence supports the trial court's finding and conclusion Plaintiff did not act in a manner to unreasonably delay asserting her claim. We affirm the district court's denial and dismissal of Defendant's laches defense. *Id.*

## VI.    Award of Military Pension

Defendant contends the district court failed to make sufficient findings to support its award of 24.7720% of his pension and to remit $50,111.73 of back payments to Plaintiff.

## A. Standard of Review

Our Supreme Court has held:

Equitable distribution is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. Only a finding that the judgment was unsupported by reason and could not have been a result of competent inquiry, or a finding that the trial judge failed to comply with the statute, will establish an abuse of discretion.

*Wiencek-Adams v. Adams*, 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992) (citations omitted). The trial court's findings of fact are conclusive on appeal, if they are supported by competent evidence. *Alexander v. Alexander*, 68 N.C. App. 548, 552, 315 S.E.2d 772, 776 (1984).

### B. Analysis

The trial court's Military Pension Order distributed Defendant's pension in accordance with § 50-20.1(a)(3)(ii), which states, *inter alia*:

> (a) The distribution of vested marital pension, retirement, or deferred compensation benefits may be made payable by any of the following means:
>
> …
>
> (3) As a prorated portion of the benefits made to the designated recipient, if permitted by the plan, program, system, or fund . . . (ii) at the time the participant-spouse actually began to receive the benefits[.]

N.C. Gen. Stat. § 50-20.1(a) (2023).

The court found Plaintiff was eligible to receive a portion of Defendant's retirement under the Uniform Services Former Spouses' Protection Act, which permits classification of military retirement pay as either marital or separate

property and authorizes direct payments to a former spouse, when the marriage overlapped with at least ten years of the service member's military service. 10 U.S.C. § 1408(c)(1) (2018). Defendant contends such marital property must be equally divided under N.C. Gen. Stat. § 50-20(c) (2023).

This argument overlooks the parties' 2005 consent judgment which reserved the military pension "for further consideration," without prescribing an equal division method. Such judgments are governed by § 50-20(d), which states parties may "in a written agreement valid in the jurisdiction where executed, provide for distribution of the marital property. . . in a manner deemed by the parties to be equitable and the agreement shall be binding on the parties." N.C. Gen. Stat. § 50-20(d) (2023).

Where a consent judgment reserves a pension determination for future consideration but provides no specific terms, the default method in § 50-20.1(d) applies. N.C. Gen. Stat. § 50-20.1(d)(2023); *Gilmore v. Garner,* 157 N.C. App. 664, 670, 580 S.E.2d 15, 20 (2003). Section 50-20.1(d) prescribes a valuation method that:

> [C]an be expressed as a fraction, the numerator of which "is the total period of time the marriage existed (up to the date of separation) simultaneously with the employment which earned the vested pension or retirement rights[,]" with the denominator being "the total amount of time the employee spouse is employed in the job which earned the vested pension or retirement rights."

*Gagnon v. Gagnon,* 149 N.C. App. 194, 198, 560 S.E.2d 229, 231 (2022) (quoting *Lewis v. Lewis,* 83 N.C. App. 438, 442-43, 350 S.E.2d 587, 589 (1986); *see also Seifert,* 82 N.C. App at 337, 346 S.E.2d at 508 (approving use of § 50-20(d) for distribution of

military retirement benefits).

The court determined and awarded Plaintiff's share of the pension in accordance with the statutory default equation by concluding: "Plaintiff is entitled to receive one-half of the marital share of the divisible retirement benefits, computed as follows: 163 months of marital pension service, divided by 329 of total pension service which is equal to Plaintiff receiving 24.7720% of Defendant's military retired pay." *Id.*

Competent evidence exists to support the trial court's calculation and award of 24.7720% of Defendant's pension to Plaintiff. We affirm the trial court's order dividing Defendant's military pension and the award of back pay as shown above.

## VII. Conclusion

The trial court properly denied Defendant's motion to dismiss for lack of subject matter jurisdiction to consider Plaintiff's motion for military pension division order. Plaintiff's voluntary dismissal of her motion did not extinguish her equitable distribution claim, which remained pending under the parties' prior 2005 consent judgment.

The court's award of 24.7220% of Defendant's military pension was supported by competent evidence. In the absence of an agreement to the contrary, the trial court correctly applied the statutory default coverture fraction, where the consent judgment failed to specify a different division method of the pension. The trial court's disposal of Defendant's laches defense was proper because competent evidence

supports the court's finding and conclusion Plaintiff did not unreasonably delay asserting her preserved claim. *It is so ordered.*

AFFIRMED.

Chief Judge DILLON and Judge GORE concur.