GODWIN SPRAYERS, INC. v. UTICA MUTUAL INSURANCE CO.

No. 8211DC7

(Filed 16 November 1982)

**Insurance § 147— aircraft insurance—exclusion of coverage for property which insured "has charge of"—genuine issue of material fact**

A genuine issue of material fact was presented as to whether plaintiff "had charge of" a United States Department of Agriculture plane which was damaged by plaintiff's agent so as to come within a provision of an aircraft liability policy issued to plaintiff excluding coverage for damage to property which the insured "has charge of."

APPEAL by plaintiff from *Pridgen, Judge.* Judgment entered on 12 October 1981 in District Court, HARNETT County. Heard in the Court of Appeals 18 October 1982.

This case results from an accident on 17 June 1980 in which plaintiff's agent Raymond Godwin drove plaintiff's plane into a plane owned by the United States Department of Agriculture and parked at plaintiff's airstrip. Godwin was hired in June, 1980 by the USDA to pilot its plane in connection with a sterile boll weevil release program. The USDA plane was kept at plaintiff's airstrip at the request of Dr. Robert G. Jones, supervisor of the release program, because of the poor condition of the USDA airstrip.

Evidence offered in support of summary judgment motions by both parties showed that Godwin would fly the USDA plane to the USDA airstrip, which was seven miles from plaintiff's airstrip, whenever Jones wanted to perform an experiment. Although Jones did not know how to fly an airplane, he was Godwin's supervisor. After an experiment was completed, Godwin would let Jones out at the USDA airstrip and return to plaintiff's airstrip, where he would land and tie down the plane. Keys to the USDA plane and a USDA credit card for fuel remained at plaintiff's airstrip.

After the 17 June accident, plaintiff paid for the repair of the USDA plane. The defendant later refused to reimburse plaintiff for the damages under its aircraft liability policy based on the policy provision stating "We do not cover any . . . property damage to property you or anyone we protect owns, has charge of or transports." Defendant contends that plaintiff "had charge" of the USDA plane and thus, refused to reimburse plaintiff under the policy.

From a denial of its summary judgment motion and a grant of summary judgment for the defendant, plaintiff appealed.

*Lytch & Thompson, by Benjamin N. Thompson, for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Keith A. Clinard, for defendant appellee.*

ARNOLD, Judge.

Summary judgment under G.S. 1A-1, Rule 56(c) is proper when there is "no genuine issue as to any material fact . . . ." It is a "drastic remedy . . . [that] must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971). This remedy "does not authorize the court to *decide* an issue of fact. It authorizes the court to determine whether a genuine issue of fact exists." *Vassey v. Burch*, 301 N.C. 68, 72, 269 S.E. 2d 137, 140 (1980). (Emphasis in original.) Summary judgment should be denied "[i]f different material conclusions can be drawn from the evidence." *Spector Credit Union v. Smith*, 45 N.C. App. 432, 437, 263 S.E. 2d 319, 322 (1980).

In *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897, *reh. denied*, 281 N.C. 516 (1972), the court defined two terms that are determinative on a summary judgment question.

> An issue is *material* if the facts alleged would consti-tute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action. The issue is

denominated *"genuine"* if it may be maintained by substantial evidence.

280 N.C. at 518, 186 S.E. 2d at 901 (emphasis added). In addition to no issue of fact being present, to grant summary judgment a court must find "that on the undisputed aspects of the opposing evidential forecasts the party given judgment is entitled to it as a matter of law." 2 McIntosh, N.C. Practice and Procedure § 1660.5 (2d Ed., Phillips Supp. 1970). *See also*, W. Shuford, N.C. Civil Practice and Procedure § 56-7 (2d Ed. 1981).

Our examination of the record and briefs leads us to conclude that summary judgment was improperly granted here. The issue of fact that must be resolved is whether plaintiff's actions, and those of its agent Godwin, put it "in charge of" the USDA plane. We cannot say as a matter of law that the issue is clear. The task of an appellate court in ruling on a summary judgment motion is only to see if the issue of fact exists, not to determine the resolution of the issue.

But we do note some principles that the trial court on remand should consider. According to our case law, if terms in an insurance policy are "uncertain or capable of several reasonable interpretations, the doubts will be resolved against the insurance company and in favor of the policyholder." *Woods v. Nationwide Mutual Insurance Co.*, 295 N.C. 500, 506, 246 S.E. 2d 773, 777 (1978). *See also*, 7 Strong's N.C. Index 3d *Insurance* § 6.2 (1977).

In cases like this one, if an insured shows that his loss is apparently covered by the policy, "the burden is [then] upon the insurer to prove that the loss arose from a cause of loss which is excepted or for which it is not liable. . . ." *Flintall v. Insurance Co.*, 259 N.C. 666, 670, 131 S.E. 2d 312, 315 (1963). *See also*, 44 Am. Jur. 2d *Insurance* § 1938 (1982).

Research has not revealed cases in North Carolina that interpret the policy clause before us. However, other courts have dealt with similar clauses with varying results. *See generally*, Annot., 86 A.L.R. 3d 118 (1978). 12 Couch on Insurance 2d § 44A:15 and 21 (Rev. ed. 1981). *Compare Fish v. Nationwide Mutual Insurance Co.*, 126 Vt. 487, 236 A. 2d 648 (1967) (held covered since insured not "in charge" of damaged property because he did not have the right to exercise dominion and control over it) *with Columbia*

*Helicopters, Inc. v. Transport Indemnity Co.*, 428 F. 2d 1385 (9th Cir. 1970) (held no coverage because "in charge of" exclusion refers to physical possession with mechanical control which insured had in the case).

Reversed and remanded.

Judges HILL and JOHNSON concur.