SYLVIA G. LEWIS v. FLOYD C. LEWIS

No. 864DC186

(Filed 2 December 1986)

**Divorce and Alimony § 30— equitable distribution—military pension—no error**

The trial court did not err in an equitable distribution action by finding that 70% of defendant's military retirement pay was marital property and awarding plaintiff one-half of that amount, limited to 50% of his disposable retired or retainer pay. Defendant had been in Marine Corps during the marriage for twenty-one years at the time the parties separated; defendant had been in Marine Corps for thirty years at the time of the equitable distribution hearing and had thus achieved the maximum retirement pay regardless of the number of years served; the trial court calculated that the amount of retirement pay attributable to the marriage was 21/30, or 70%; the court determined that an equal division was equitable; and the limitation to 50% of disposable retired or retainer pay was consistent with the requirements of N.C.G.S. § 50-20(b)(3). N.C.G.S. § 50-20(a); N.C.G.S. § 50-20(b)(1).

APPEAL by defendant from *Cameron, Judge*. Judgment entered 18 March 1985 in District Court, ONSLOW County. Heard in the Court of Appeals 12 June 1986.

*Charles William Kafer for plaintiff appellee.*

*Bell and Collins by Hiram C. Bell, Jr., and George L. Collins for defendant appellant.*

COZORT, Judge.

Appellant's assignments of error raise the question of whether the trial court properly calculated and awarded to the wife a percentage of the husband's military pension in this equitable distribution action. We affirm the trial court's award to the wife of a sum equal to 35 percent of the gross amount of the defendant's military retirement pay, not to exceed 50% of the defendant's disposable retired or retainer pay, payable in monthly installments upon defendant's retirement from the Marine Corps.

The parties were married on 17 April 1962 and separated from each other on 31 January 1983. On 1 February 1984 plaintiff filed this action seeking an absolute divorce and an equitable distribution of the marital property, including one-half of the defendant's military retirement. A judgment of absolute divorce and equitably distributing the marital property was entered on 18 March 1985.

The defendant joined the United States Marine Corps on 1 October 1954; and at the time the parties separated, he had been in the United States Marine Corps for twenty-eight years, having risen during that time to the rank of Colonel. At the time of the equitable distribution judgment, defendant had been in the United States Marine Corps for over thirty years.

At the equitable distribution hearing, the parties stipulated and agreed to what was marital property and to the real and personal marital property's value, with the exception of the defendant's retirement income from the United States Marine Corps. In finding of fact number 27 of the equitable distribution judgment, the district court found that seventy percent (70%) of the defendant's military retirement is marital property:

> 27. When the defendant does retire from the Marine Corps, he will retire based upon 30 years of service in the

Marine Corps. The defendant's retirement does not increase with the service of more than 30 years an [*sic*] an officer. The plaintiff and the defendant lived together as man and wife for 21 of those 30 years. Accordingly, 70 percent of the defendant's military service was accomplished during the time the parties were married and lived together. This 70 percent of the defendant's military retirement is marital property.

Defendant excepts to this finding. The district court concluded, without exception from the defendant, that an equal division of the marital property is equitable, and divided the marital property, with the exception of the defendant's military retirement pay, per the parties' stipulation. In its conclusions of law numbers 4 and 5, to which defendant excepts, the district court concluded the following:

4. Seventy percent of the defendant's military retirement should be considered as marital property pursuant to the provisions of North Carolina General Statute 50-20(b)(1) and (3)c.

5. Pursuant to the provisions of North Carolina General Statute 50-20(b)(3)c, the plaintiff is entitled to receive 35 percent of the defendant's military retirement as a prorated portion of the benefits paid to the defendant by the United States Marine Corps at the time the defendant retires from the Marine Corps.

Accordingly, the district court ordered that:

9. Upon the retirement of the defendant from the United States Marine Corps, the defendant shall pay, except as herein stated, to the plaintiff from his military retirement a sum equal to 35 percent of the gross amount of the defendant's military retirement pay. This payment shall be made monthly by the defendant to the plaintiff beginning on the 5th day of the first month following the defendant's retirement from military service. Except as herein stated, payments shall continue in an amount equal to 35 percent of the gross amount of this military retirement pay until the plaintiff dies or the defendant dies, whichever event first occurs. . . .

* * * *

Except as herein indicated, the plaintiff's share of the defendant's military retirement shall always be 35 percent of the gross amount of that retirement regardless of what the total amount of the defendant's retirement pay is due to him by virtue of his retirement from the United States Marine Corps.

*PROVIDED, HOWEVER*, in no event shall the 35 percent of the gross amount of the defendant's military retirement exceed 50 percent of the "disposable retired or retainer pay" as that term is defined in 10 United States Code Section 1408 (a)(4). Therefore, in the event 35 percent of the gross amount of the defendant's military retirement exceeds 50 percent of the disposable retired or retainer pay due to the defendant as a result of his retirement from the Marine Corps, then the *maximum sum* that shall be paid to the plaintiff shall be 50 percent of this disposable retired or retainer pay. However, in the event the 35 percent of the gross amount of the defendant's military retirement does not exceed 50 percent of the disposable retired or retainer pay, then the defendant shall pay to the plaintiff the full 35 percent of the gross amount of his retired or retainer pay. . . .

. . . Even though the plaintiff has been awarded 35 percent of the gross amount of the defendant's military retirement, a ceiling of 50 percent of the defendant's disposable retired or retainer pay is placed by law upon the award herein made to the plaintiff. Accordingly, the defendant shall not take any steps designed to diminish or in any way reduce the amount of disposable retired or retainer pay that he is entitled to receive by virtue of his military service to the end that the plaintiff's portion of his retirement is reduced.

From this award to the wife of one-half of that portion (70%) of the defendant's gross military retirement pay which the district court found to be marital property, not to exceed fifty percent (50%) of the husband's disposable retired or retainer pay, the husband appeals.

The husband's appeal is apparently based on his contentions that (1) the trial court improperly based the award to the wife of 35% of his gross military retirement pay upon the amount of military retirement pay to which he would be entitled upon the date

of his retirement, rather than upon the date of separation; and (2) the trial court should have awarded the wife a percentage of his disposable retired or retainer pay rather than a percentage of his gross military retired pay. We find the trial court's distribution of the husband's military retired pay proper in all respects.

G.S. 50-20(b)(1) (1984) defines "marital property" as including "all vested pension and retirement rights, including military pensions eligible under the federal Uniformed Services Former Spouses' Protection Act." In *Morton v. Morton*, 76 N.C. App. 295, 297, 332 S.E. 2d 736, 737, *disc. review denied*, 314 N.C. 667, 337 S.E. 2d 582 (1985), we held that " 'military pensions eligible under the federal Uniformed Services Former Spouses' Protection Act' [USFSPA] are subject to equitable distribution, G.S. Secs. 50-20(a) and (b)(1) (1984), if the action for absolute divorce was filed on or after 1 August 1983." We further held in *Morton v. Morton, supra*, that

> USFSPA authorizes state courts to treat "*disposable* retired
> . . . pay payable to a member [of an armed force] for pay
> periods beginning after 25 June 1981" as marital or separate
> property, depending on the local law. 10 USCA Sec. 1408(c)(1)
> (1983) (emphasis added). [Footnote omitted.] "Disposable re-
> tired . . . pay" is the total monthly military pension less
> federal, state, and local income tax, any other debts to the
> federal government, and any court-ordered annuities paid to
> a spouse or former spouse. 10 USCA Sec. 1408(a)(4) (1983).

*Id.* 332 S.E. 2d at 737-38. Plaintiff filed her action for absolute divorce on 1 February 1984. Thus, defendant's military pension is subject to equitable distribution.

Since the parties were divorced on the ground of one year separation, the district court must value the pension, as marital property, as of the date of separation. G.S. 50-21(b). G.S. 50-20(b)(3) (1984) prescribes, in effect, how the retirement benefits as marital property are to be valued as of the date of separation: "The award shall be based upon the proportion of the amount of time the marriage existed simultaneously with the employment which earned the vested pension or retirement rights to the total amount of time of employment." This prescribed valuation method can be expressed as a fraction. The numerator of the fraction is the total period of time the marriage existed (up to the date of

separation) simultaneously with the employment which earned the vested pension or retirement rights; the denominator is the total amount of time the employee spouse is employed in the job which earned the vested pension or retirement rights. *See Seifert v. Seifert*, 82 N.C. App. 329, 346 S.E. 2d 504 (1986). This statutorily prescribed fraction automatically provides the method by which to value the pension or retirement pay, as marital property, as of the date of separation by requiring the numerator to be the amount of time up to the date of separation that the employment which earns the retirement pay exists simultaneously with the marriage period.

G.S. 50-20(b)(3) also provides that "[s]aid award shall not be based on contributions made after the separation, but shall include any growth on the amount of the pension or retirement account vested at the time of the separation." In *Seifert v. Seifert, supra*, we held that "[t]his requirement is fulfilled by determining the nonemployee spouse's fixed percentage as of the date of separation." *Id.* at 337, 346 S.E. 2d at 508. We recognize that in some cases the denominator cannot be determined until the employee spouse retires because the employee has not worked long enough to fix that part of the fraction at the date of separation. For example, if the defendant in the case *sub judice* had been in the Marine Corps only 23 years at the date of the equitable distribution hearing, it could not be known whether he would serve the 30 years necessary to achieve the maximum retirement benefits. *See infra.* Finally, G.S. 50-20(b)(3) requires that "[n]o award shall exceed fifty percent (50%) of the cash benefits by the party against whom the award is made is entitled to receive.

We find that the trial court complied with all of the prerequisites of G.S. 50-20(b)(3). At the time the parties separated defendant had been in the Marine Corps during the marriage for twenty-one years. At the time of the equitable distribution hearing, defendant had been in the Marine Corps thirty years and thus had achieved the maximum amount of retirement pay permitted regardless of the number of years served. *See Seifert v. Seifert, supra.* Therefore, the trial court calculated that the amount of military retirement pay attributable to the marriage is 21/30 or 70%. *See* G.S. 50-20(b)(3). Since the trial court determined that an equal division was equitable, it awarded the wife one-half of this 70%, or 35%, of the defendant's gross military retirement

pay. The trial court's limitation on this award to 50% of the defendant's disposable retired or retainer pay is consistent with the requirement of G.S. 50-20(b)(3) that "[n]o award shall exceed fifty percent (50%) of the cash benefits by the party against whom the award is made is entitled to receive."

The district court's award of 35% of defendant's gross military pay, not to exceed 50% of defendant's disposable retired or retainer pay is the same as saying plaintiff is entitled to receive "whatever percentage of the husband's 'disposable' military pension yields 35% of his gross military pension," *Morton v. Morton,* *supra,* 76 N.C. App. at 296, 332 S.E. 2d at 737, provided such amount does not exceed 50% of his disposable retired pay. In *Morton,* we upheld such an award.

The trial court's judgment of equitable distribution is

Affirmed.

Judges BECTON and JOHNSON concur.