REBECCA SMITH HARRINGTON v. SHERRILL R. PERRY

No. 9015DC985

(Filed 2 July 1991)

1. **Divorce and Separation § 15 (NCI4th)— separation agreement—division of medical malpractice claim—construction of provision**

    The trial court properly granted summary judgment for plaintiff in an action to enforce a provision in a separation agreement requiring defendant to pay to plaintiff one-fourth of any "net recovery after attorney fees" from a medical malpractice claim. While other out-of-pocket expenses would generally be deducted from the gross proceeds as part of the determination of the net recovery, the parties have expressly set out

the deductible item and there is no further room for interpretation.

**Am Jur 2d, Divorce and Separation §§ 838, 856, 913.**

2. **Divorce and Separation § 37 (NCI4th) — separation agreement — division of medical malpractice claim — summary judgment**

The trial court did not err by granting summary judgment for plaintiff in an action to enforce a provision in a separation agreement granting plaintiff a share in defendant's medical malpractice claim. Plaintiff's complaint alleged and defendant's answer admitted the execution of a separation agreement which contained a provision that defendant would pay plaintiff one-fourth of the net recovery of his malpractice case after attorney's fees, defendant provided plaintiff with a copy of the release which states that the case was settled for $50,000, copies of checks show that defendant paid $20,000 in attorney's fees, and plaintiff's complaint alleged a claim for damages of $7,500, one-fourth of the $30,000 received by defendant. Plaintiff's evidence was clearly sufficient to show a breach of contract, and the court did not err by not making findings of fact.

**Am Jur 2d, Divorce and Separation §§ 838, 856, 913.**

APPEAL by defendant from judgment entered 4 June 1990 in ALAMANCE County District Court by *Judge Ernest J. Harviel.* Heard in the Court of Appeals 7 May 1991.

*Abernathy, Roberson & Huffman, by G. Wayne Abernathy, for plaintiff-appellee.*

*Edmundson & Burnette, by R. Gene Edmundson and J. Thomas Burnette, for defendant-appellant.*

WYNN, Judge.

In 1978, the plaintiff and defendant executed a separation agreement which contained the following language:

Husband shall pay to wife one-fourth (¼) of any net recovery to him after attorney's fees from any monies received by him as a result of potential malpractice claims arising from the treatment of his leg.

Defendant's medical malpractice claim was settled in April, 1988 for $50,000.00. From this settlement, defendant received $30,000.00 after payment of $20,000.00 in attorney's fees. Following the defendant's refusal to pay her under the above provision, plaintiff instituted this action. The defendant answered admitting the execution of the separation agreement, but, averring that his net recovery from the settlement of the malpractice action had resulted in a negative balance, thereby entitling the plaintiff to no recovery.

Thereafter, plaintiff moved for summary judgment which was granted by the trial court. From that order, defendant appealed.

I

The standard of review for a motion for summary judgment requires that all pleadings, affidavits, answers to interrogatories and other materials offered be viewed in the light most favorable to the party against whom summary judgment is sought. *Durham v. Vine*, 40 N.C. App. 564, 566, 253 S.E.2d 316, 318 (1979). Summary judgment is properly granted where there is no genuine issue of material fact to be decided and the movant is entitled to a judgment as a matter of law. *Lee v. Shor*, 10 N.C. App. 231, 178 S.E.2d 101 (1970).

The defendant contends that summary judgment was erroneously granted in this case for two reasons: (1) There existed a genuine issue of material fact concerning the intent of the parties as to the meaning of the phrase "net recovery after attorney's fees" and (2) Plaintiff did not forecast sufficient evidence to have been entitled to judgment as a matter of law.

[1] The defendant argues that the phrase "net recovery after attorney's fees" is ambiguous. As such, he maintains that the trial court should have found that there existed a genuine issue of fact as to what the parties intended by the use of that phrase. "Questions relating to the construction and effect of separation agreements between a husband and wife are ordinarily determined by the same rules which govern the interpretation of contracts generally. Whenever a court is called upon to interpret a contract its primary purpose is to ascertain the intentions of the parties at the moment of its execution." *Lane v. Scarborough*, 284 N.C. 407, 409-10, 200 S.E.2d 622, 624 (1973) (citations omitted). However, "[w]here a contract is unambiguous, its construction is a matter of law for the

HARRINGTON v. PERRY

[103 N.C. App. 376 (1991)]

court to determine." *Bicycle Transit Authority, Inc. v. Bell*, 314 N.C. 219, 333 S.E.2d 299 (1985).

The separation agreement here specifically sets forth that the plaintiff would recover one-fourth of the "net recovery after attorney's fee." We find that phrase to be quite clear, despite the contention of the defendant that the phrase by import meant that other expenses must be deducted to reach the net recovery. Generally, such other out-of-pocket expenses would be deducted from the gross proceeds as part of the determination of the net recovery. But where, as here, the parties have expressly set out the deductible item from the gross proceeds, there is no further room for interpretation of the intent of the parties. Since this provision is unambiguous, its construction is a matter of law. It follows that the trial court properly found that there were no genuine issues of fact in this case.

[2] Defendant also contends that even if the facts are undisputed, the trial court erred by concluding that plaintiff was entitled to summary judgment as a matter of law. *See Godwin Sprayers, Inc. v. Utica Mut. Ins. Co.*, 59 N.C. App. 497, 296 S.E.2d 843 (1982), *disc. review denied*, 307 N.C. 576, 299 S.E.2d 646 (1983). He argues that plaintiff's evidence which consisted of the pleadings and the separation agreement was insufficient, especially since defendant testified as to the meaning of the separation agreement clause in question.

In an action for breach of contract, plaintiff must prove that a contract existed, the specific provisions breached, the facts constituting the breach and the amount of damages resulting to plaintiff from such breach. *Cantrell v. Woodhill Enters., Inc.*, 273 N.C. 490, 497, 160 S.E.2d 476, 481 (1968) (citations omitted). In the case at bar, plaintiff's complaint alleges and defendant's answer admits the execution of the separation agreement which contained the provision that the defendant would pay the plaintiff one-fourth of the net recovery after attorney's fees. Defendant provided plaintiff with a copy of the release of a malpractice case which states that the case was settled for $50,000.00; copies of the checks show that defendant paid $20,000.00 in attorney's fees. Further, plaintiff's complaint alleges a claim for damages in the amount of $7,500.00 which represented one-fourth of the $30,000.00 received by the defendant. Clearly, plaintiff's evidence was sufficient to show a breach of contract. This assignment of error is without merit.

Defendant's next argument that the trial court should have made findings of fact to support the summary judgment is without merit. In fact, it is well established that such findings are inadvisable, and if the trial court did make such findings, they would be disregarded on appeal. *Hyde Ins. Agency v. Dixie Leasing Corp.*, 26 N.C. App. 138, 215 S.E.2d 162 (1975).

Having concluded that summary judgment was properly granted, we need not address the merits of defendant's other assignment of· error.

For the foregoing reasons, the decision of the trial judge is

Affirmed.

Judges COZORT and ORR concur.