SHELBY JEAN GILMORE, PLAINTIFF v. BOBBY LEE GARNER, DEFENDANT

No. COA02-663

(Filed 20 May 2003)

**Divorce— specific performance of separation agreement— divisible railroad retirement benefits**

The trial court did not err by granting summary judgment in favor of plaintiff wife granting her specific performance of a separation agreement, by granting plaintiff 29.5% of defendant's divisible railroad retirement benefits, and by taxing defendant with the costs of this action because: (1) the language of the separation agreement reflects the parties' intention that upon defendant husband's retirement, the divisible portion of his retirement benefits would be divided in accordance with governing law; (2) the fact that specific performance of the separation agreement granted plaintiff a portion of the marital property did not convert plaintiff's action into one for equitable distribution; and (3) utilizing the fixed percentage method, the trial court awarded plaintiff less and not more than the retirement benefits which plaintiff was entitled to receive under the separation agreement and applicable law.

Appeal by defendant from order and judgment entered 15 February 2002 by Judge Spencer G. Key in Surry County District Court. Heard in the Court of Appeals 8 January 2003.

*Finger, Parker, Avram & Roemer, L.L.P., by Raymond A. Parker, for plaintiff appellee.*

*Franklin Smith for defendant appellant.*

TIMMONS-GOODSON, Judge.

Bobby Lee Garner ("defendant") appeals from an order of the trial court granting summary judgment in favor of defendant's former wife, Shelby Jean Gilmore ("plaintiff"), and from an order granting plaintiff a 29.5% portion of defendant's divisible railroad retirement benefits. For the reasons stated herein, we affirm the order and judgment of the trial court.

The relevant factual history of the present appeal is as follows: The parties married one another on 18 December 1955 and remained together until 24 April 1988, when they separated. On 24 January 1989, the parties entered into a "Contract of Separation and Property Settlement Agreement" ("the separation agreement"). Section sixteen of the separation agreement included the following language:

It is stipulated and agreed that Husband has a substantial retirement account built up under the Railroad Retirement Act. Wife agrees not to make any demand on Husband at the present time, for any portion of this Railroad Retirement. However, it is stipulated and agreed by both parties that each of them may draw Railroad Retirement benefits in accordance with law when they are eligible to so draw, and that the other party will not contest any of said benefits.

On 14 November 2000, plaintiff filed a complaint in Surry County District Court seeking specific performance of the separation agreement. In her complaint, plaintiff alleged that defendant had "failed and refused to cooperate with the plaintiff in allowing the plaintiff to receive from the Railroad Retirement Board those benefits to which she was entitled and has contested and denies she has any rights to said benefits." Plaintiff requested that the trial court enforce specific performance of the separation agreement by means of a qualified domestic relations order. In addition to the complaint, plaintiff moved the court for summary judgment, contending that there were no genuine issues of material fact and that she was entitled to judgment as a matter of law.

The matter came before the trial court on 10 December 2001. After reviewing the pleadings, exhibits, discovery, and after hearing

arguments by counsel, the trial court determined that plaintiff was entitled to summary judgment and to specific performance of the separation agreement. To that end, the trial court entered an order granting plaintiff a 29.5% share of defendant's divisible railroad retirement benefits. Defendant appeals from the judgment and order of the trial court.

Defendant argues on appeal that the trial court erred in granting summary judgment in favor of plaintiff and in awarding plaintiff a portion of his railroad retirement benefits. For the reasons stated herein, we affirm the order and judgment of the trial court.

The standard of review on a motion for summary judgment requires the trial court to review all pleadings, affidavits, answers to interrogatories and other materials offered in the light most favorable to the party against whom summary judgment is sought. *See Harrington v. Perry*, 103 N.C. App. 376, 378, 406 S.E.2d 1, 2 (1991). The trial court properly grants summary judgment where there is no genuine issue of material fact to be decided and either party is entitled to a judgment as a matter of law. *See* N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001); *Harrington*, 103 N.C. App. at 378, 406 S.E.2d at 2.

Defendant argues that the trial court erred in granting summary judgment in favor of plaintiff and awarding her benefits under the separation agreement. Defendant contends that the separation agreement only allows plaintiff to apply for an individual "divorced spouse annuity" available under the Railroad Retirement Act, and does not entitle plaintiff to a portion of defendant's divisible benefits. We disagree.

Parties to a divorce may provide for division of retirement benefits as part of a separation agreement. *See* N.C. Gen. Stat. § 50-20(d) (2001); *Patterson v. Patterson*, 137 N.C. App. 653, 666, 529 S.E.2d 484, 491, *disc. review denied*, 352 N.C. 591, 544 S.E.2d 783 (2000).

> Questions relating to the construction and effect of separation agreements between a husband and wife are ordinarily determined by the same rules which govern the interpretation of contracts generally. Whenever a court is called upon to interpret a contract its primary purpose is to ascertain the intention of the parties at the moment of its execution.

*Lane v. Scarborough*, 284 N.C. 407, 409-10, 200 S.E.2d 622, 624 (1973). Where a contract is unambiguous, its construction is a matter of law

GILMORE v. GARNER

[157 N.C. App. 664 (2003)]

for the court to determine. *See Bicycle Transit Authority v. Bell,* 314 N.C. 219, 227, 333 S.E.2d 299, 304 (1985); *Lane,* 284 N.C. at 410, 200 S.E.2d at 624. As stated in *Lane,*

> "Intention or meaning in a contract may be manifested or conveyed either expressly or impliedly, and it is fundamental that that which is plainly or necessarily implied in the language of a contract is as much a part of it as that which is expressed. If it can be plainly seen from all the provisions of the instrument taken together that the obligation in question was within the contemplation of the parties when making their contract or is necessary to carry their intention into effect, the law will imply the obligation and enforce it. The policy of the law is to supply in contracts what is presumed to have been inadvertently omitted or to have been deemed perfectly obvious by the parties, the parties being supposed to have made those stipulations which as honest, fair, and just men they ought to have made." However, "[n]o meaning, terms, or conditions can be implied which are inconsistent with the expressed provisions."

*Lane,* 284 N.C. at 410-11, 200 S.E.2d at 624 (quoting 17 Am. Jur. 2d *Contracts* § 255 at 649, 652 (1964)) (citations omitted) (alteration in original). We therefore examine the language of the separation agreement to determine the intent of the parties at the time they entered the agreement.

Section sixteen of the separation agreement recites that the parties

> stipulated and agreed that Husband has a substantial retirement account built up under the Railroad Retirement Act. Wife agrees not to make any demand on Husband at the present time, for any portion of this Railroad Retirement. However, it is stipulated and agreed by both parties that each of them may draw Railroad Retirement benefits in accordance with law when they are eligible to so draw, and that the other party will not contest any of said benefits.

Defendant contends that the language concerning "Railroad Retirement benefits" contained in the separation agreement refers to a "divorced spouse annuity" available to plaintiff under the Railroad Retirement Act. A "divorced spouse annuity" is a benefit available under certain conditions to a former spouse of a railroad employee. Railroad Retirement Act, 20 C.F.R. §§ 216.60, 216.62 (2002). Such a

benefit does not reduce an employee's annuity, because it is a separate benefit paid from the railroad retirement trust funds rather than from an employee's account and does not represent a divisible portion of the employee's annuity. *Id.* at §§ 226.10, 226.30. Defendant argues that the separation agreement does not award plaintiff any of his divisible retirement benefits, but merely indicates that he will not contest plaintiff's right to seek a divorced spouse annuity under the Railroad Retirement Act. We do not agree with defendant's interpretation of the separation agreement.

A divorced spouse annuity under the Railroad Retirement Act does not comprise a portion of defendant's annuity and cannot be considered part of defendant's retirement account. Plaintiff was eligible for a divorced spouse annuity regardless of, or even in the complete absence of, specific language in the separation agreement regarding such an annuity. Given the fact that plaintiff did not need defendant's consent or aid in seeking a divorced spouse annuity, defendant's assertion that the term "Railroad Retirement benefits" contained in the separation agreement referred only to the divorced spouse annuity would render the entire paragraph at issue superfluous and without meaning. *See Lane*, 284 N.C. at 411, 200 S.E.2d at 625 (rejecting meaning, terms, or implied conditions that are inconsistent with the expressed provisions of a separation agreement).

Moreover, the parties acknowledged in the separation agreement that defendant had "a substantial retirement account built up under the Railroad Retirement Act." Both parties further agreed that plaintiff would "not . . . make any demand on [defendant] *at the present time*, for any portion of *this* Railroad Retirement [account]" but that plaintiff was free to seek such benefits at a later date. Defendant agreed that he would not contest plaintiff's right to such benefits when and if she chose to pursue them. Thus, the language of the separation agreement indicates that the parties agreed that plaintiff would not seek her share of defendant's retirement account "at the present time" (i.e., at the date of the separation agreement) but would wait to seek such benefits until a later date. Such agreement was particularly reasonable, as the value of the retirement benefits at issue was not determinable until defendant's retirement. Defendant did not retire until 29 March 2000, at which time plaintiff sought to receive her portion of defendant's divisible retirement benefits as contemplated by the separation agreement.

Defendant's interpretation of the separation agreement would render the words "at the present time" either illogical or unnecessary

in the context of the surrounding paragraph and overall separation agreement. If the parties intended plaintiff to receive no portion of defendant's retirement account, as defendant contends, the agreement more reasonably might state that "Wife agrees not to make any demand on Husband for any portion of this Railroad Retirement" or, alternatively, might omit any reference to the retirement account altogether. Where a separation agreement is unambiguous, the appellate courts should not "attempt to search for the meaning the parties gave to the words regardless of the understanding which is normally given to them" and "[a] party to a contract should not be allowed to say he gave a different meaning to words which are not ambiguous." *Higgins v. Higgins*, 321 N.C. 482, 486, 364 S.E.2d 426, 429 (1988) (holding that the phrase "live continuously separate and apart" contained in a separation agreement had a definite meaning when viewed objectively). We conclude the language of the separation agreement reflects the parties' intention that upon defendant's retirement, the divisible portion of his retirement benefits would be divided in accordance with governing law. The trial court therefore did not err in granting summary judgment to plaintiff.

Defendant further contends that the judgment and order by the trial court granting plaintiff a portion of defendant's railroad retirement benefits are in error because "the decision amounted to equitable distribution which is prohibited under the separation agreement." We do not agree.

In their agreement, the parties agreed to release one another "from any *further* claim which would or might arise in favor of either under N.C.G.S., Section 50-20, or any other state or federal law involving division of property acquired during marriage." Plaintiff's action for specific performance is not a *further* claim upon the marital assets, however; rather, it arises under the terms of section sixteen of the separation agreement. A marital separation agreement is subject to the same rules pertaining to enforcement as any other contract. *See Moore v. Moore*, 297 N.C. 14, 16, 252 S.E.2d 735, 737 (1979). Thus, parties to a separation agreement dividing marital assets may enforce such agreements through an action for specific performance. *See Rose v. Rose*, 66 N.C. App. 161, 163, 310 S.E.2d 626, 628 (1984). In her complaint, plaintiff clearly sought specific performance of section sixteen in the parties' separation agreement, which the trial court enforced by entering an order granting plaintiff that portion of the railroad retirement benefits to which she was entitled under the separation agreement. The fact that specific performance of the separa-

tion agreement granted plaintiff a portion of the marital property did not convert plaintiff's action into one for equitable distribution. We overrule this assignment of error.

Defendant also argues that the trial court erred in calculating the percentage of benefits to which plaintiff is entitled. Specifically, defendant contends that plaintiff is not entitled to receive benefits that arise, in part, from the twelve years of defendant's employment following his separation from plaintiff. This argument is without merit.

Under the separation agreement, the parties agreed that plaintiff was entitled to seek her share of defendant's railroad retirement benefits "in accordance with law." Absent more specific language in the separation agreement to the contrary, the governing law in North Carolina regarding division of retirement benefits is section 50-20.1 of the North Carolina General Statutes. Under section 50-20.1, an award of retirement benefits is

> determined using the proportion of time the marriage existed (up to the date of separation of the parties), simultaneously with the employment which earned the vested and nonvested pension, retirement, or deferred compensation benefit, to the total amount of time of employment. The award shall be based on the vested and nonvested accrued benefit, as provided by the plan or fund, calculated as of the date of separation, and shall not include contributions, years of service, or compensation which may accrue after the date of separation. The award shall include gains and losses on the prorated portion of the benefit vested at the date of separation.

N.C. Gen. Stat. § 50-20.1(d) (2001). The valuation method prescribed by section 50-20.1(d), known as the "fixed percentage method," can be expressed as a fraction, the numerator of which "is the total period of time the marriage existed (up to the date of separation) simultaneously with the employment which earned the vested pension or retirement rights[,]" with the denominator being "the total amount of time the employee spouse is employed in the job which earned the vested pension or retirement rights." *Lewis v. Lewis*, 83 N.C. App. 438, 442-43, 350 S.E.2d 587, 589 (1986); *see also Seifert v. Seifert*, 82 N.C. App. 329, 336-37, 346 S.E.2d 504, 508 (1986) (approving the fixed percentage method for distribution of retirement benefits), *affirmed*, 319 N.C. 367, 354 S.E.2d 506 (1987).

GILMORE v. GARNER

[157 N.C. App. 664 (2003)]

In the instant case, the parties married on 18 December 1955 and separated on 24 April 1988. Defendant accrued his railroad retirement benefits during his employment from 30 September 1969 until his retirement on 29 March 2000. Thus, defendant was employed for a total of thirty years and six months, during which time he was married for eighteen years, three months, and twenty-four days. Utilizing the fixed percentage method, defendant was married to plaintiff for approximately sixty percent of the time during which he was accruing retirement benefits. Plaintiff is entitled to half of these benefits, which equates to thirty percent. The trial court awarded plaintiff 29.5%, half a percentage less than what plaintiff was entitled to receive. Thus, contrary to defendant's argument, the trial court awarded plaintiff less, and not more than, the retirement benefits which plaintiff was entitled to receive under the separation agreement and applicable law. *See Gagnon v. Gagnon*, 149 N.C. App. 194, 198, 560 S.E.2d 229, 232 (2002) (affirming the trial court's application of the fixed percentage method in awarding the plaintiff's former wife twenty-six percent of the plaintiff's retirement benefits). We overrule this assignment of error.

Defendant argues that the trial court erred in failing to make findings of fact to support its order. It is not a function of the trial court, however, to make findings of fact in an order of summary judgment, as summary judgment presupposes that there are no triable issues of material fact. *See Vulcan Materials Co. v. Iredell County*, 103 N.C. App. 779, 781, 407 S.E.2d 283, 285 (1991). We overrule this assignment of error.

Defendant further argues that the trial court erred in awarding plaintiff $4,995.12, the amount calculated by the trial court as 29.5% of defendant's divisible benefits paid directly to defendant by the Railroad Retirement Board from 1 April 2000 through 1 April 2002. Under the federal regulations governing benefit payments by the Railroad Retirement Board to an employee's spouse or former spouse pursuant to court decree or court-approved property settlements, such payment "may accrue no earlier than the later of the date of delivery [to the Board] of a court decree or property settlement which will be honored under this part, or from October 1, 1983." Railroad Retirement Act, 20 C.F.R. § 295.5(c) (2002). Defendant maintains that, as the Railroad Retirement Board has not yet received the order of the trial court granting plaintiff specific performance of the separation agreement, payment to plaintiff could not have accrued, and the trial court therefore erred in awarding plaintiff $4,995.12

GILMORE v. GARNER

[157 N.C. App. 664 (2003)]

based on retirement funds already received by defendant. Defendant's argument is without merit.

Defendant confuses accrual of payments due to plaintiff by the Railroad Retirement Board with accrual of monies due plaintiff under the separation agreement. The applicable federal regulations direct that payments *by the Railroad Retirement Board* to a spouse may not accrue until the Board receives the court decree or property settlement. Thus, plaintiff may not seek payment of benefits from the Board until she submits the trial court's qualified domestic relations order to the Board. The award of the trial court, however, was not based on monies owed by the Railroad Retirement Board to plaintiff; it was based on monies owed to plaintiff under the terms of the separation agreement. In the separation agreement, defendant acknowledged that he had built a substantial retirement account during the marriage, and agreed that he would not contest plaintiff's right to receive that portion of benefits to which she was entitled under applicable law. Under applicable law, plaintiff was entitled to receive approximately thirty percent of the divisible retirement benefits already received by defendant, which the trial court correctly calculated as $4,995.12. We therefore overrule this assignment of error.

Finally, defendant argues that the trial court erred in taxing to him the costs of plaintiff's summary judgment action. Defendant contends that he never contested plaintiff's right to receive a "divorced spouse annuity" under the Railroad Retirement Act and should therefore not be taxed with the costs of the action. Given our determination that the separation agreement referenced plaintiff's right to receive a portion of defendant's divisible retirement benefits, which defendant *did* contest, and not a "divorced spouse annuity," we overrule this assignment of error.

In conclusion, we hold that the trial court properly granted summary judgment in favor of plaintiff. We further hold that the trial court did not err in entering an order awarding plaintiff 29.5% of defendant's divisible railroad retirement benefits. We therefore affirm the judgment and order of the trial court.

Affirmed.

Judges TYSON and LEVINSON concur.