Opinion filed April 5, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00136-CV

                                                    __________

 

                                     JERRY
DON BIEN, Appellant 

 

                                                             V.

 

                                         ESTHER
BIEN, Appellee



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                                  Trial
Court Cause No. 93-06-319

 



 

                                                                  O
P I N I O N

            This
appeal arises from a post-divorce proceeding to enforce a property division of
railroad retirement benefits.  The trial court determined that appellee, Esther
Bien, was entitled to a money judgment against appellant, Jerry Don Bien, in
the amount of $39,912.87 for her share of “Tier II benefits” he had received as
a part of his railroad retirement.  The trial court also ordered Jerry to pay
Esther’s attorney’s fees in the amount of $1,500.  Jerry challenges the
sufficiency of the evidence supporting the trial court’s order in three
issues.  We modify and affirm.




Background
Facts

            Jerry
and Esther were married in 1972.  Their divorce occurred in 1994.  The agreed
final decree of divorce contained the following property award to Esther:

        ESTHER JEAN
BIEN is awarded, and the Railroad Retirement Board is directed to pay, an
interest in the portion of JERRY DON BIEN’s benefits under the Railroad Retirement
Act (45 U.S.C. § 231, et. seq.) which may be divided as provided by section 14
of that Act (45 U.S.C. § 231m).  ESTHER JEAN BIEN’s share shall be computed by
multiplying the divisible portion of JERRY DON BIEN’S monthly benefit by a
fraction the numerator of which is the number of years JERRY DON BIEN worked
for a railroad employer during the period of marriage, and the denominator of
which shall be total number of years employed by a railroad employer at
retirement, and then dividing the product by two.

 

Jerry testified
that he began receiving a “disability check” as a railroad employee in 1994
“shortly after the divorce.”  Esther testified that, at some point many years
later, she discovered that a portion of the benefits that Jerry had been
receiving since 1994 constituted Tier II benefits.  Upon contacting the
Railroad Retirement Board in 2006, the board began paying her $237.98 a month
from Jerry’s railroad retirement annuity.  Jerry testified that his monthly
railroad retirement benefits were reduced at that time by the same amount.  Esther
instituted the underlying enforcement action in order to recover her share of
the Tier II benefits that Jerry received from 1994 until she began receiving
her proportionate share of the benefits directly from the Railroad Retirement
Board in 2006.  

Standard
of Review

We review the trial court’s ruling on a post-divorce motion for enforcement under an
abuse of discretion standard.  See Gainous v. Gainous, 219 S.W.3d 97, 103
(Tex. App.—Houston [1st Dist.] 2006, pet. denied).  The test for abuse of
discretion is a question of whether the court acted without reference to any
guiding rules and principles.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 242 (Tex. 1985).  

            Jerry
couches his three issues on appeal as challenges to the legal and factual
sufficiency of the evidence.  Under an abuse of discretion standard, legal and
factual sufficiency challenges to the evidence are not independent grounds of
error but are relevant factors in assessing whether the trial court abused its
discretion.  Child v. Leverton, 210 S.W.3d 694, 696 (Tex. App.—Eastland
2006, no pet.).  Because we apply an abuse of discretion standard to an
enforcement proceeding, the traditional sufficiency standards of review overlap
the abuse of discretion standard, and appellate courts apply a hybrid analysis.
 Echols v. Olivarez, 85 S.W.3d 475, 476 (Tex. App.—Austin 2002, no
pet.); In re D.S., 76 S.W.3d 512, 516 (Tex. App.—Houston [14th Dist.]
2002, no pet.).  Once it has been determined that the abuse of discretion
standard applies, an appellate court engages in a two-pronged inquiry: (1)
whether the trial court had sufficient information on which to exercise its
discretion and (2) whether the trial court erred in its application of
discretion. Child, 210 S.W.3d at 696.  The traditional sufficiency
review comes into play with regard to the first question; however, the inquiry
does not end there.  Id.  The appellate court then proceeds to determine
whether, based on the evidence, the trial court made a reasonable decision.  Id.

In considering a legal sufficiency challenge, we review all the evidence in the light
most favorable to the prevailing party and indulge every inference in its
favor.  City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005).  We
must credit any favorable evidence if a reasonable factfinder could and
disregard any contrary evidence unless a reasonable factfinder could not.  Id.
at 821–22, 827.  We may sustain a legal sufficiency challenge only when (1) the
record discloses a complete absence of evidence of a vital fact, (2) the court
is barred by rules of law or evidence from giving weight to the only evidence
offered to prove a vital fact, (3) the only evidence offered to prove a vital
fact is no more than a mere scintilla, or (4) the evidence conclusively
establishes the opposite of a vital fact.  Id. at 810; Merrell Dow
Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  To address a factual sufficiency challenge, we must consider and weigh all of the
evidence and should set aside a fact finding only if the evidence is so weak or
the finding is so against the great weight and preponderance of the evidence
that it is clearly wrong and unjust.  Pool v. Ford Motor Co., 715 S.W.2d
629 (Tex. 1986).

Analysis

            In
his first issue, Jerry challenges the legal and factual sufficiency of the
evidence that Esther was entitled to any benefits prior to attaining the age of
sixty-two.  He cites 45 U.S.C. § 231a(c)(4) in support of this
contention.  His reliance on Section 231a(c)(4) is misplaced.  As explained in Osborne
v. Osborne, 260 P.3d 202, 204–05 (Utah Ct. App. 2011), Section 231a(c)(4)
applies to Tier I railroad retirement benefits.[1] 
The division of Tier II benefits in a divorce proceeding is governed by 45 U.S.C.
§ 231m.  Osborne, 260 P.3d at 204–05.  Neither Section 231m nor the
divorce decree contains a requirement that Esther attain any particular age
before receiving her proportionate share of Tier II benefits.  Accordingly,
there is no legal basis for appellant’s evidentiary challenge based on Esther’s
age.  Furthermore, we conclude that the trial court did not abuse its
discretion in awarding a recovery to Esther for her share of Tier II benefits
that Jerry had received in the past.  Appellant’s first issue is overruled.

Jerry
asserts in his second issue that there is no evidence that he received Tier II
benefits.  However, the trial court admitted into evidence a letter from the
Railroad Retirement Board dated March 18, 2003, that informed Jerry that his
monthly Tier I benefits were $1,503 and that his monthly Tier II benefits were
$551.50.  This letter indicates that Jerry received Tier II benefits prior to
the date of the letter.  Additionally, Esther testified that she and her
attorney had obtained documents from the Railroad Retirement Board and that the
documents indicated that Jerry had received Tier II benefits since 1994.  Accordingly,
the trial court did not abuse its discretion in determining that Jerry had
received Tier II benefits.  Jerry’s second issue is overruled.  

In
his third issue, Jerry attacks the sufficiency of the evidence supporting the
amount of the judgment awarded to Esther.  He first argues that a money
judgment should not be entered against him because the decree directed the
Railroad Retirement Board to pay Esther her share of the Tier II Benefits
rather than himself.  This argument lacks merit because he received all of the
Tier II benefits for several years.  The divorce decree specifically provided
that Jerry was awarded his Tier II benefits “EXCEPT that portion of such
benefits specifically awarded to ESTHER JEAN BIEN as hereinafter described”
(emphasis in original).

Jerry
also asserts that the amount of the judgment entered against him is incorrect
based upon the evidence offered at trial.  We agree.  Esther sought and
obtained a money judgment against Jerry for fifty percent of all Tier II
benefits he received from September 1994 until December 2006, in the gross
amount of $79,825.73.  However, the evidence reflected that the Railroad
Retirement Board began paying benefits directly to Esther in April 2006.  This
factor reduces the gross amount of Tier II benefits paid entirely to Jerry by
$4,949.28 ($549.92 x 9 months) to $74,876.45.  Additionally, the Railroad
Retirement Board did not pay Esther fifty percent of Jerry’s Tier II benefits. 
Instead, the Board paid her approximately 43.28% of Jerry’s monthly Tier II
benefits upon its receipt of the formula set out in the divorce decree.  In
this regard, Jerry testified that he began working for the railroad prior to
marriage.  Accordingly, the evidence only supported an award of $32,406.53 to
Esther, which amount equals 43.28% of the gross amount of Tier II benefits paid
entirely to Jerry.  We conclude that the trial court’s award of a judgment in
excess of this amount constitutes an abuse of discretion.  Accordingly, Jerry’s
third issue is sustained in part.  

This
Court’s Ruling

             The
judgment of the trial court awarding a money judgment to Esther is reduced to
the amount of $32,406.53.  As modified, the judgment of the trial court is
affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

April 5, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]The court’s opinion in Osborne contains an
excellent discussion regarding the distinction between Tier I and Tier II
railroad retirement benefits.  As set out in Osborne, Tier I benefits
are akin to social security benefits.  260 P.3d at 204–05.  Accordingly, they
do not constitute a divisible asset in a divorce proceeding.  Id. 
However, a divorced spouse may qualify for Tier I benefits under federal
statute regardless of, or even in the complete absence of, specific language in
the divorce decree regarding such an annuity. See Gilmore v. Garner, 580
S.E.2d 15, 18 (N.C. Ct.. App. 2003).  Tier II benefits constitute a
divisible marital asset because they are similar to a traditional defined
benefit plan.  Osborne, 260 P.3d at 204–05.